[Civ. No. 7108.   Third Dist.   Oct. 31, 1944.]

ARTHUR TOMLINSON et al., Petitioners, v. THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent.

W. Coburn Cook and Gilbert Moody for Petitioners.

F. W. Halley for Respondent.

PEEK, J.—By this action petitioner seeks a writ of prohibition to restrain the Superior Court of Stanislaus County from further proceeding in a case previously submitted to it for decision after trial, entitled *J. H. Fairchilds* v. *John Picha, et al.* The facts as disclosed by the various documents on file herein appear as follows:

On March 31, 1942, Arthur Tomlinson and Everett Tomlinson, who were engaged in the business of ranchers under the name of Tomlinson Brothers, had in their employ one John Picha. In the course of his employment on that day Picha fell and was injured. Everett Tomlinson first took Picha to the doctor to whom injured employees were regularly taken, but because of the nature of the injury they were referred to one Dr. J. H. Czatt. On April 4, 1944, Picha, in the company of Tomlinson, called at Dr. Czatt's office where an examination of the injury was made. The doctor informed Picha and Tomlinson that an operation was necessary and quoted a fee for his services, and upon the authorization of Tomlinson the operation was performed. Dr. Czatt, having received no payment either from the Tomlinsons, their insurance carrier or Picha, assigned his claim to one J. H. Fairchilds, who filed a complaint in the Justice Court of Modesto Township, naming Picha and the Tomlinsons as defendants. Tomlinson Brothers then brought in their insurance carrier,

the Limited Mutual Compensation Insurance Company, as a cross-defendant. At the conclusion of the trial in the justice court judgment was entered in favor of plaintiff against defendant Picha, and in favor of defendants Tomlinson. In respondent's memorandum of points and authorities, reference is made to the docket of the justice court wherein it is disclosed that counsel for the insurance company moved for a dismissal on the ground of lack of jurisdiction, but that the motion was denied. What judgment, if any, was entered in regard to the insurance company is not shown by the documents before us. Plaintiff then appealed to the Superior Court in and for the County of Stanislaus.

After a trial de novo in the superior court, the court made and entered its findings of fact as follows:

That Everett Tomlinson, acting in behalf of himself, Arthur Tomlinson and Tomlinson Brothers, authorized and requested Dr. Czatt to render necessary medical treatment to Picha; that an express agreement was entered into between Everett Tomlinson and the doctor fixing the amount to be paid for such medical and surgical treatment and which Tomlinson Brothers agreed to pay; that the medical services were performed pursuant to said agreement; that at the time of the injury Tomlinson Brothers were obligated to provide Picha with medical care and attention. From such findings the court concluded the plaintiff was entitled to judgment against the defendants Tomlinson Brothers.

Shortly thereafter the court, by amended findings, set forth with more particularity the circumstances surrounding the making of the agreement between Dr. Czatt and Everett Tomlinson, and the authorization by Tomlinson "to go ahead and fix him [Picha] up" and to "take care of him in the right way"; that Tomlinson informed the doctor he carried compensation insurance; that the doctor entered the account on his books under the name of the employee, and that Tomlinson Brothers were billed for the account.

Tomlinson Brothers, in support of their petition herein, allege that the superior court had no jurisdiction of the controversy by virtue of section 3601 of the Labor Code, which provides, "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706 [failure of employee to secure payment of compensation from em-

ployer], the exclusive remedy against the employer for the injury or death." and section 5300 of the same code which in part provides, "All the following proceedings shall be instituted before the commission and not elsewhere, except as otherwise provided in Division IV and V . . . (b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee, his dependents, or any third person."

Respondents in answer to such contention argue that by reason of the express agreement between the Tomlinsons and Dr. Czatt fixing the amount to be paid for Picha's medical treatment, the Industrial Accident Commission did not have exclusive jurisdiction but to the contrary the superior court had jurisdiction under the provisions of section 5304 of the Labor Code, which is as follows:

"The commission has jurisdiction over any controversy relating to or arising out of sections 4600 to 4605 inclusive, *unless an express agreement fixing the amounts to be paid for medical, surgical or hospital treatment as such treatment is described in those sections has been made between the persons or institutions rendering such treatment and the employer or insurer.*" (Italics ours.)

Petitioner argues that if the finding of the court that an express agreement was entered into by Everett Tomlinson, the employer, and Dr. Czatt, the person rendering the medical services, brings the controversy within the provisions of section 5304, then the words "an express agreement fixing the amounts to be paid for medical, surgical and hospital treatment" as used therein, must be interpreted in the light of a statement contained in 6 California Jurisprudence, page 15, wherein it is said that a contract "is the meeting of the minds upon an agreement to a definite thing." The question so raised is then dismissed by petitioner with the comment that "it is difficult to see that there was any meeting of minds" between Everett Tomlinson and the doctor. We find no merit in such contention. It is but another way of stating that more than one inference can be deduced from the facts. Even if the record of the hearing in the superior court was before us, which it is not, and it disclosed that conflicting deductions could be drawn from such evidence, this court would be compelled to resolve all such conflicts in favor of respondents and

indulge in all reasonable inferences to uphold the findings. (*Estate of Bristol* (1943), 23 Cal.2d 221, 223 [143 P.2d 689].)

The necessary requisites of a contract must be gathered from the language and conduct of the parties, and usually is a question of fact for determination by the trial court. (*Platt v. Union Packing Co.* (1939), 32 Cal.App.2d 329, 335 [89 P.2d 662].)

However, in the absence of any record of the prior hearing we must assume that sufficient evidence was presented to substantiate the findings (*Winsette* v. *Winsette* (1941), 47 Cal.App.2d 308, 309 [117 P.2d 897]) that an agreement was entered into between the doctor and the Tomlinsons.

We therefore conclude that as the superior court found that an express agreement for the payment of Picha's surgical treatment was entered into by Tomlinson Brothers and Dr. Czatt, the exception contained in section 5304 of the Labor Code must control, and under such circumstances the doctor's claim became one upon which he was entitled to maintain "an action at law." (*Independence Indem. Co.* v. *Industrial Acc. Com.* (1935), 2 Cal.2d 397 [41 P.2d 320].)

The petition is denied.

Adams, P. J., and Thompson, J. concurred.