[Civ. No. 20150. First Dist., Div. Three. Oct. 17, 1962.]

RICHARD T. TANDY, Individually and as Executor, etc., et al., Plaintiffs and Appellants, v. THE CITY OF OAKLAND et al., Defendants and Respondents.

Charles Reagh for Plaintiffs and Appellants.

Hilton J. Melby, City Attorney, and George M. Cahalan, Assistant City Attorney, for Defendants and Respondents.

SALSMAN, J.—Plaintiffs appeal from a judgment entered after the court sustained a demurrer to an amended complaint without leave to amend further.

In their complaint plaintiffs asked for a writ of mandate to compel the defendant city to rezone their property from "C" multiple dwelling to "E" commercial. They also sought declaratory relief, contending that the zoning ordinances of the City of Oakland are unconstitutional as applied to their property.

The complaint alleged in substance that plaintiffs owned a lot improved with a two flat building built about 1910; that the building had deteriorated with age and had become obsolete; that it was located in a neighborhood composed of like structures in varying degrees of obsolescence; that the cost of maintenance of the building is in excess of rental income; that it is not financially practicable to repair or reconstruct the building because no reasonable income could be obtained on the cost of reconstruction; that the only practical use to which the property can be devoted is a commercial use, which would harm no one and would be a benefit to the neighborhood; that plaintiffs made application to the city council to have the property rezoned, but such application was denied.

We consider first plaintiffs' request for the writ of mandate to compel the city council to rezone their property. ██ It is long settled law that the enactment of a zoning ordinance is purely a legislative act and a governmental function. ██ It is to be distinguished from the granting or denial of a variance, a conditional use permit or an exception to use, all of which call for administrative action, and none of which is involved here because the complaint alleges and the demurrer admits that plaintiffs have exhausted their administrative remedies. ██ Thus, the complaint simply asks the court to issue the writ to compel the city council of the defendant city to perform a legislative act, namely, to pass an ordinance according to plaintiffs' plan, rezoning their property from "C" multiple dwelling to "E" commercial. It is elementary that the courts have no such power. ██ "The determination of whether or not to enact a zoning ordinance and the determination of its provisions and terms are entirely

within the discretion of the municipal legislative body or other zoning legislative authority, subject to such requirements as may exist relative to study and recommendation by zoning commissions, notices, hearings and initiative and referendum. Such municipal discretion will not be interfered with by the courts except for clear abuse of the discretion or excess of power, and in case of doubt or if the question is fairly debatable, a court cannot substitute its judgment for that of the municipality. In other words, a municipal corporation has a right to determine whether conditions or the public interests demand an exercise of the power to pass a zoning ordinance and to select the measures that are necessary for that purpose. A fortiori, the wisdom or good policy of a zoning ordinance is for a municipality to determine and the courts have nothing to do with it.'' (8 McQuillin, Municipal Corporations, (3d ed. rev.) pp. 119-122.) (*Miller* v. *Board of Public Works,* 195 Cal. 477 [234 P. 381, 38 A.L.R. 1479] ; *Day* v. *City of Los Angeles,* 189 Cal.App.2d 415 [11 Cal.Rptr. 325] ; *Banville* v. *County of Los Angeles,* 180 Cal. App.2d 563 [4 Cal.Rptr. 458] ; *Consolidated Rock Products Co.* v. *City of Los Angeles,* 57 Cal.2d 515 [20 Cal.Rptr. 638, 370 P.2d 342].)

It appears from plaintiffs' amended complaint ''that the area which surrounds the said realty of plaintiffs is what is commonly called a 'low rent area,' that is to say, almost all of the multiple dwelling buildings thereabouts are of approximately the same age as that on plaintiffs' property, . . .'' Thus, although the entire area in which plaintiffs' property is located suffers from the same condition of blight and deterioration, it is only the plaintiffs' property which the defendant city is requested to rezone. The propriety of rezoning plaintiffs' single parcel from multiple dwelling to commercial while maintaining the remainder of the area in a multiple dwelling zone is a matter of legislative determination, and where, as here, there is room for difference of opinion on the subject, the courts will not interfere with the legislative determination. (*Johnston* v. *City of Claremont,* 49 Cal.2d 826 [323 P.2d 71] ; *Zahn* v. *Board of Public Works,* 274 U.S. 325 [47 S.Ct. 594, 71 L.Ed. 1074] ; *Miller* v. *Board of Public Works, supra*; *Consolidated Rock Products Co.* v. *City of Los Angeles, supra*; *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365 [47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016].)

 Plaintiffs further contend that their property is being destroyed by the effect of the present zoning ordinance

and hence the ordinance is invalid as applied to them This presents the question whether or not the ordinance in question is unreasonable or arbitrary in its effect as shown by the allegations of the complaint. We have heretofore set out the material allegations of the pleading from which it appears that plaintiffs' property is in no different situation than other property in the multiple dwelling zone. All are being treated alike, and have been for many years. We cannot say from the facts alleged in the complaint that the ordinance as applied to plaintiffs' property is unreasonable or arbitrary. The propriety of maintaining the present zoning scheme of the defendant city is, at least under the allegations of the complaint, a debatable matter. Where such is the case it is not the function of the court to substitute its determination for that of the legislative body, nor will the court declare the ordinance invalid where its application to the property in question is a subject upon which reasonable minds may differ. (*Wilkins* v. *City of San Bernardino,* 29 Cal.2d 332 [175 P.2d 542]; *Lockard* v. *City of Los Angeles,* 33 Cal.2d 453 [202 P.2d 38, 7 A.L.R.2d 990].)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 12, 1962.