[Civ. No. 20831.   First Dist., Div. Three.   Nov. 5, 1963.]

J. R. JOHANSON, Plaintiff and Respondent, v. CITY COUNCIL OF THE CITY OF SANTA CRUZ, Defendant and Appellant.

Rodney R. Atchison, City Attorney, for Defendant and Appellant.

Lewis J. Yapp for Plaintiff and Respondent.

DEVINE, J.—The City Council of the City of Santa Cruz appeals from a judgment in a mandate proceeding commanding the council to take all steps required to rescind a vote of the council refusing to reclassify respondent's property for zoning purposes and to take all steps required to make effective, by ordinance, the reclassification requested by respondent.

Johanson, respondent, applied to the city planning commission to have 22 parcels of land rezoned from R-2, two-family dwelling district, to R-4, general apartment district. The planning commission recommended, by resolution, that the city council deny the application. The city council duly noticed a meeting date for hearing. At the meeting, on May 22, 1962, two of the seven members of the council were absent and one was disqualified. The planning commission's recom-

mendation was read and considered and voted upon. The votes were one "aye," three "no." Thereupon, a councilman moved that the city attorney prepare an ordinance to change the zone; the motion was seconded and carried unanimously.

At the next regular meeting of the city council, the ordinance which had been prepared by the city attorney was presented for publication. Motion for adoption was made and seconded, but was defeated three to one. At this meeting, the two councilmen who had been absent from the earlier meeting voted "no," joining the councilman who, at the first vote of the earlier meeting, had voted unfavorably to reclassification. Two who had been favorable to respondent at the earlier meeting were absent.

■■■ Respondent contends that the action of the council on May 22, 1962, was a complete expression of the legislative will in favor of the reclassification and that nothing more than ministerial action remained. Appellant contends that the only action done at the meeting was the defeat of the planning commission's recommendation and the direction to the city attorney to prepare an ordinance. The ordinance, however, says appellant, was never adopted.

■■■ The pertinent provisions of the charter of the City of Santa Cruz (Stats. 1948, ch. 49, pp. 316, 317) are: Section 608: "No ordinance shall be finally adopted by the Council on the day of its introduction, nor within five days thereafter, nor at any time other than a regular meeting, nor until its publication at least once in the official newspaper of the City at least three days before its adoption. . . ." Section 613: "The City Clerk shall cause each ordinance to be published at least once in the official newspaper at least three days before its adoption."

Section 9220.3, subdivision (d), of the Santa Cruz Municipal Code provides: "Should the City Council disagree with the recommendations of the City Planning Commission, the Council may at its election adopt by ordinance the reclassification sought by the application in question, deny the petition for reclassification or refer the matter of reclassification back to the City Planning Commission for reconsideration."

■■■ Respondent contends that under Municipal Code section 9220.3, subdivision (d), the council had but three alternatives, namely, to adopt the reclassification by ordinance, to deny the petition for reclassification, or to refer the matter back to the planning commission. Since it is plain that it did not do the second or third acts, respondent argues, it

must have done the first, by its direction to the city attorney. Appellant replies that the city council did not, by the very terms of its resolution on May 22, 1962, enact an ordinance, but merely directed the city attorney to draft one; and that the council could not have enacted an ordinance, because this would violate the charter provisions (1) that an ordinance shall not be finally adopted on the day of its introduction, and (2) that there shall be newspaper publication for at least three days before adoption. To this, respondent replies that there is no conflict with the charter because the rezoning ordinance was introduced at the May 22, 1962, meeting and approved, but was not actually passed then, or within five days thereafter; but the entire consideration on the merits was had at the May 22 meeting, and the only purposes of the June 12 meeting were (1) to consider whether the ordinance as prepared by the city attorney contained language to effectuate the vote of May 22, and (2) if it did, to instruct the city manager to publish it. These duties, says respondent, were ministerial.

We cannot agree with respondent. The language of the resolution of May 22 shows what the council did—it merely directed the city attorney to prepare an ordinance. It may be that the councilmen thought, at that time, that they would vote for the ordinance later, but they were not obliged to do so. On the contrary, they could not, under the charter, cast a final vote at that time. ▪▪▪ The purpose of the interval demanded by the charter and of the publication obviously is to allow representations to be made by the citizenry, and deliberation to be made by the councilmen. What was reserved to the councilmen was not merely ministerial function, but essentially legislative prerogative.

▪▪▪ It is argued by respondent that because no demurrer or answer was filed, and no opposition was offered in the trial court by the then city attorney, and because the limitations of the city charter, now urged, were not called to the attention of the trial judge, the charter should not be judicially noticed on appeal.

It is well established that this court may take judicial notice of the charter as a public statute. (*Clark* v. *City of Pasadena,* 102 Cal.App.2d 198, 200 [227 P.2d 306].) Respondent argues that we should not do so, because counsel who desire a court to take judicial notice should make a request therefor, and this was not done in the trial court. Respondent cites *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 454

[207 P.2d 647], to support the proposition that one who desires judicial notice of a fact to be taken must bring the fact to the knowledge of the court.

Here, however, what is proposed for judicial notice is not a fact, but a law of this state. Although a point of law ordinarily may be waived by failure to make it in the trial court, in this case we are confronted with a matter of the trial court's jurisdiction, a matter which can be raised for the first time on appeal. (*Costa* v. *Banta,* 98 Cal.App.2d 181 [219 P.2d 478].) It is a matter of jurisdiction because the courts have no power to compel a legislative body to act in a particular way. (*Tandy* v. *City of Oakland,* 208 Cal.App.2d 609 [25 Cal.Rptr. 429].)

We take notice of the provisions of the charter of the City of Santa Cruz and we find that to compel the council to enact the rezoning ordinance would be to force the council in a legislative matter.

Judgment reversed.

Draper, P. J., and Salsman, J., concurred.