[Civ. No. 7356. Fourth Dist. Nov. 8, 1963.]

DANNY ARNOLD, Plaintiff and Appellant, v. KENNETH WILLIAMS, as District Attorney, etc., et al., Defendants and Respondents.

194

Dexter D. Penman for Plaintiff and Appellant.

Kenneth Williams, District Attorney, in pro. per., and George J. Jeffries, Deputy District Attorney, for Defendants and Respondents.

GRIFFIN, P. J.— Petitioner-appellant Danny Arnold and one Joseph M. Valdez were charged jointly in two counts in the municipal court with violation of Penal Code, section 470 (forgery). The preliminary hearing was set for January 3, 1963. At this hearing, the People were unable to proceed. The transcript of the proceedings in the municipal court shows the presence of defendant Arnold, his attorney and the deputy district attorney. The preliminary examination was called for hearing and all parties said they were ready. The deputy district attorney then announced that an officer of a bank was on call as a witness and should be there momentarily; that he had just telephoned him. Some conversation took place between counsel and the court off the record. The deputy district attorney then announced that he would have to continue the cause because he did not have the "correct" witness there. A conversation was had at the bench with the court and off the record. The deputy district attorney then stated:

"There will be no testimony taken in this case, your Honor. Counsel apparently wants some time to talk to his client. There will be a motion for a continuance. It may be objected to, I don't know. ..." Counsel for defendant then said: "... we want to determine if he might be able to make any sort of bail at all. We won't object to a continuance if the man may be released OR. ... If I request a dismissal at this time, I am afraid the District Attorney will rearrest him at the courtroom door. I'd rather have him on his own recognizance on a continuance on this matter." The court then said: "I can't tell you what the District Attorney is going to

do. Do you have a motion to continue?" to which the deputy district attorney replied: "We will move to continue." Counsel for defendant then said: "Would the Court consider granting a release on his own recognizance?" . . . THE COURT: . . . "No, bail will remain." Counsel for defendant then said: "He is certainly a material witness in the matter in this case—" and the deputy district attorney replied: "As to both charges then, we will move to dismiss for insufficient evidence at this time. THE COURT: "The complaint is dismissed." Counsel for defendant said "Thank you" and then stated to the court: "Your Honor, the complaint is dismissed. Is he free to leave at this time? ... THE COURT: Well, he has to be processed to get him cleared out of the custody of the Sheriff's Office. . . . THE COURT: . . . The complaint is dismissed. That is all the Court has to do with it at this time."

Apparently a new complaint was filed on the same charge and defendant was rearrested thereon as he was leaving the jail. He then filed this petition for writ of mandamus or prohibition in the Superior Court of Orange County against Kenneth Williams, the district attorney, and the municipal court, alleging the facts related in the reporter's transcript and alleging that he made no motion for dismissal of the action himself because of the deputy district attorney's motion for continuance, but only asked that he be released on his own recognizance; that he advised the court that he feared a rearrest of petitioner if dismissal was granted; that dismissal was requested by the deputy district attorney for "insufficiency of the evidence"; that the court granted it on the ground of interests of justice for lack of evidence and he objected to further detention of petitioner; and that the petitioner was forcibly detained at the request of the deputy district attorney.

On January 8, 1963, petitioner appeared in the same municipal court for arraignment on the new charge and petitioner moved that said proceedings be continued for the purpose of enabling litigation of petitioner's civil rights. On January 17, 1963, petitioner filed the instant petition seeking a dismissal of the second complaint and restraining the municipal court and the district attorney from proceeding further because petitioner was denied his civil rights under the Constitution and denied a speedy trial, and alleging that the surrounding circumstances show a flagrant abuse of legal process to coerce a continuance, while petitioner remained in

custody for an indeterminate time for a second arrest.

On March 6, 1963, petitioner appealed from the order sustaining a demurrer to the petition without leave to amend. The judgment of dismissal was subsequently filed on August 2, 1963. On August 13, 1963, this court allowed augmentation to show the subsequent dismissal order. We will now consider the appeal from the judgment of dismissal under rule 2 (c), California Rules of Court.*

The dismissal of the complaint and rearrest of the defendant under the circumstances shown by the record before the municipal court, made a part of the petition by reference, are not violative of defendant's right to procedural and substantive due process. Penal Code, section 1385, provides that: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Penal Code, section 1387, provides in part that an order for the dismissal of an action is not a bar to any other prosecution for the same offense if that offense is a felony. ■ Penal Code, section 470 (forgery), the crime of which defendant was accused, is punishable as a felony. (Pen. Code, § 473.) ■ Penal Code, section 1387, applies to dismissals under Penal Code, section 1385. (*People* v. *Aiken*, 108 Cal.App.2d 343, 345 [238 P.2d 1019].) Thus, it appears that the dismissal of the complaint against petitioner, with his subsequent rearrest, is expressly authorized by statute. (*Patterson* v. *Conlan*, 123 Cal. 453, 454 [56 P. 105].) *People* v. *Combes*, 56 Cal.2d 135, 145 [14 Cal.Rptr. 4, 363 P.2d 4], is directly in point. See also *People* v. *White*, 180 Cal.App.2d 99, 103 [4 Cal.Rptr. 261]; *In re Fenton*, 77 Cal. 183, 184 [19 P. 267].

Petitioner claims that the fact that the dismissal was on motion of the prosecution and not that of the defendant distinguishes the cited cases. We perceive no distinction in this respect.

It is also argued that if the procedure here adopted by the district attorney may be lawfully invoked, he may have the right to continue to dismiss such actions and rearrest the defendant time and time again, or at least until the statute of limitations has run. The showing here made does not establish such claim. We perceive no possibility of amendment of the complaint from the record before us to state a cause of action even if allowed by the trial court. ■ Petitioner points to no other meritorious conclusion and the burden is

*Formerly Rules on Appeal, rule 2(c).

on the pleader to show abuse of discretion. (*Robinson* v. *Robinson*, 198 Cal.App.2d 193 [17 Cal.Rptr. 786].)

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied November 21, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1963.