[Civ. No. 22723. First Dist., Div. Three. Mar. 31, 1966.]

EVELYN BOWLES et al., Plaintiffs and Respondents, v. ANDREW R. ANTONETTI et al., Defendants and Appellants.

284

Donald O. May, Murphy & Adams, Landels, Ripley, Gregory & Diamond and Edward D. Landels for Defendants and Appellants.

Wool, Richardson & Colbert and James R. Sherman for Plaintiffs and Respondents.

SALSMAN, J.—The superior court entered judgment directing that a writ of mandate issue to compel the city council of the City of Capitola to annul a resolution adopted by it vacating a 10-foot strip of a public street known as Grand Avenue. The city appeals.

Grand Avenue is a public street in the City of Capitola, running generally in an east-west direction. Respondents own property on the north side of Grand Avenue, between Central and Cliff Avenues. Mr. and Mrs. Kaufmann own property on the south side of Grand Avenue between Central and Cliff. Grand Avenue was originally 60 feet in width. Some time prior to April 15, 1964, the Kaufmanns requested the city planning commission of Capitola to consider abandoning 20 feet on the southerly side of Grand Avenue because they intended to build an apartment house on their property. The city engineer reported to the planning commission that a 50-

foot right of way along Grand Avenue was all that was required for street purposes. The planning commission then recommended to the council that ". . . ten (10) feet of the Grand Avenue right of way be reconveyed to the Kaufmanns." The report of the planning commission was discussed by the council, but the council continued the matter until its next meeting. Before the next meeting, the councilmen studied the problem, and some of them visited and inspected the area proposed to be abandoned. At the following meeting of the council there was public discussion of the question, after which the council decided to take the necessary steps to abandon a portion of Grand Avenue along its southerly line. The proper resolutions were adopted, and a time and place fixed for a public hearing. Thereafter a public hearing was held, at which time the council was advised by the city engineer that a 50-foot right of way along Grand Avenue was sufficient to carry the traffic in that area. He further advised the council that the 10 feet proposed to be abandoned should run along the south side of Grand Avenue because the property along that side was subject to considerable erosion along the entire length of the street. Council minutes reflect the comment of one councilman to the effect that, if the city did not need the wider street, abandonment of a portion would reduce the city's expense of upkeep. At the conclusion of the public hearing the council adopted a resolution ordering vacation of a 10-foot strip of Grand Avenue along its southerly line, and directing the mayor and city clerk to execute and record the order of vacation. Thereupon respondents began this action, seeking mandate to compel the city council to rescind its resolution.

The superior court found that " . . . in adopting said ordinance and said order, [the city council] acted arbitrarily, capriciously, and in abuse of their discretion and wholly and solely for the purpose and with the result of benefitting Mr. and Mrs. Royce S. Kauffman and not in the interest or convenience of the public." The court then directed the issuance of a writ of mandate ". . . commanding respondents to annul their Resolution No. 666 abandoning and declaring vacant and no longer a public street . . ." the 10-foot strip along the southerly line of Grand Avenue, and further commanding respondents ". . . to annul the order of vacation. . . ." theretofore executed by the mayor and the city clerk.

Several contentions are made on appeal, among them that the trial court had no jurisdiction to issue the writ of mandate

in the form in which it was issued, and that the evidence does not support the findings or the judgment. These contentions have merit. Appellants also urge that necessary and indispensable parties were not before the court, but because we have concluded that the judgment must be reversed on the grounds stated, we need not consider the claim that indispensable parties have been omitted from the proceedings.

The writ of mandamus may be issued ". . . to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station; . . ." (Code Civ. Proc., § 1085.) While the writ does not lie to control discretion conferred upon a public officer or agency (*Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 315 [144 P.2d 4]; *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317 [253 P.2d 659]), it will issue upon a showing of fraud, arbitrary action or an abuse of discretion. (*Baldwin-Lima-Hamilton Corp.* v. *Superior Court,* 208 Cal.App.2d 803, 823 [25 Cal.Rptr. 798].) It is also recognized that vacating a street or a portion of a street is a legislative act (*Beals* v. *City of Los Angeles,* 23 Cal.2d 381 [144 P.2d 839]; *People* v. *City of San Rafael,* 95 Cal.App. 733, 739 [273 P. 138]), and that the act of a city council in vacating a street may not be set aside save where the city council has acted fraudulently, arbitrarily, or in abuse of its discretion. Where such is the case, in a proper proceeding, the act of the city council may be declared void. (See *People* v. *City of Los Angeles,* 62 Cal.App. 781 [218 P. 63].) In *City Council* v. *Superior Court,* 179 Cal.App.2d 389 [3 Cal.Rptr. 796], the court noted that where the action taken by a legislative body, such as a city council, is fraudulent, or unreasonable and arbitrary so as to constitute an abuse of discretion, a court may interfere with legislative action, but only in a fashion which is directed towards undoing what the legislative body has done, ". . . not toward directing it to perform an act which is prospective in operation." (*Id.* p. 394.) Undoing what the legislative body has done may be accomplished by a judgment declaring the legislative act void, as was done in *People* v. *Los Angeles, supra,* 62 Cal.App. 781. But here the court did not enter a judgment declaring appellants' resolution vacating the street void. It issued mandate to compel the city council to annul its resolution. The only way in which respondents can comply with the trial court's order is by the performance of other legislative acts, namely, to pass resolutions annulling its previous resolution and setting aside the mayor's act in exe-

cuting the order of vacation. Thus the writ would command the city council to perform legislative acts in a particular manner. ■ It is a widely accepted rule that the writ of mandamus may not be employed to achieve this result. (See *Lindell Co.* v. *Board of Permit Appeals, supra; Redding* v. *City of Los Angeles,* 81 Cal.App.2d 888, 894 [185 P.2d 430]; *Tandy* v. *City of Oakland,* 208 Cal.App.2d 609 [25 Cal.Rptr. 429]; *Johanson* v. *City Council,* 222 Cal.App.2d 68, 72 [34 Cal.Rptr. 798].) We therefore conclude that the trial court did not have jurisdiction to issue the writ of mandate.

■ As we have noted, the trial court found that respondents, in enacting the resolution vacating a portion of the street, acted arbitrarily, capriciously and in abuse of their discretion, and wholly for the benefit of the Kaufmanns. Appellants contend that the evidence before the trial court does not support this finding. We agree.

■ It must be remembered that, in reviewing the acts of the city council, and considering their propriety, the trial court was limited to a review of the evidence before the council. A trial de novo was not warranted. The court had no authority to weigh the evidence and to make its own independent findings and conclusions concerning its sufficiency. Its power of review was limited to determining whether there was substantial evidence before the city council to support its decision. (*Albonico* v. *Madera Irr. Dist.,* 53 Cal.2d 735, 739 [3 Cal.Rptr. 343, 350 P.2d 95]; *Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 239-240 [259 P.2d 649]; *Dumas* v. *City of Sunnyvale,* 231 Cal.App.2d 796, 800 [42 Cal.Rptr. 302].)

■ The issue before the city council when it adopted its resolution abandoning a portion of the public street was simply whether the portion abandoned was ". . . unnecessary for present or prospective public street purposes. . . ." (Sts. & Hy. Code, § 8323.) If it was unnecessary for such purposes, then the council had authority to abandon it. (*People* v. *City of San Rafael, supra,* 95 Cal.App. 733, 738-739.) The evidence we have heretofore recited, all of which was before the city council and the trial court, clearly discloses substantial evidence sufficient to justify the council in vacating a portion of the street. We have reviewed the record in its entirety, and find no evidence whatsoever of fraud or any conduct on the part of the city council that can reasonably be designated as arbitrary or capricious.

■ Respondents contend, as they did in the trial court, that

the council's abandonment of a portion of the public street was solely for the benefit of the Kaufmanns, and they point to the evidence which persuaded the trial court to agree with them. Respondents cite and strongly rely upon *People* v. *City of Los Angeles, supra,* 62 Cal.App. 781. That case, however, is readily distinguishable from the one we now consider. There the city council acted contrary to the advice of the city engineer, who had reported that the street proposed to be vacated was extensively used by the public. The court concluded that the city council had in effect sold the entire public street to a private property owner. But here the issue before the city council was whether or not the portion of the street abandoned was "unnecessary for present or prospective public street purposes." In resolving this issue, the members of the council could take into consideration their own observations and knowledge of the area, derived from their personal inspection of it, as well as the opinion of the city engineer and the planning commission. They could also take into consideration, as one councilman remarked, that the city would be spared the expense of maintaining that portion of the street found unnecessary for street purposes. (See *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 437 [333 P.2d 745].) Of course, it is true that proceedings looking towards abandonment of a portion of the street were instituted by the Kaufmanns, and they will benefit by the council's action. But the mere fact that an adjoining property owner urges abandonment of a portion of a public street and stands to benefit if the abandonment is accomplished, is not evidence of fraud. Nor is the fact that such a request is granted evidence of arbitrary and capricious action on the part of the governing body having jurisdiction over the street. (See *People* v. *City of Pomona,* 88 Cal. App.2d 460, 462 [198 P.2d 959, 200 P.2d 176], and cases cited.) The issue of present and future necessity on the part of the public for use of the street proposed to be abandoned must be decided by the governing body on the basis of the evidence before it, and where the action is taken in good faith and without collusion between the governing body and the private landowner, the action is conclusive, and the courts are without power to interfere with it. (*People* v. *City of Pomona, supra,* 88 Cal.App.2d 460.) Here, as we have indicated, substantial evidence supports the action taken by the city council. In the absence, therefore, of an affirmative showing of fraud, or arbitrary and capricious action amounting to an abuse of discretion, its action must be upheld.

Since appellants have appealed from the judgment, their purported appeal from the order denying their motion to set aside the judgment is dismissed. Under circumstances here present, that order is not appealable.

The judgment is reversed. Appellants to recover costs on appeal.

Draper, P. J., and Devine, J., concurred.