[Civ. No. 20038. Fourth Dist., Div. Two. Feb. 20, 1979.]

DUANE FAIR, JR., Plaintiff and Appellant, v.
FOUNTAIN VALLEY SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Baird, Baird, Wulfsberg, Belgum & Buchanan and David E. Wulfsberg for Plaintiff and Appellant.

Parker & Covert, Clayton H. Parker and Spencer E. Covert, Jr., for Defendants and Respondents.

**OPINION**

**TAMURA, Acting P. J.**—Plaintiff appeals from a judgment denying his petition for a writ of mandate to compel defendant school district to appoint him as a probationary teacher. Upon the filing of the petition, an alternative writ and order to show cause were issued. A hearing was held, after which the trial court entered a minute order indicating that plaintiff had no clear right to the requested relief. The court made findings of fact and conclusions of law and entered judgment denying the petition for a peremptory writ.

The facts as stipulated to by parties at the hearing can be summarized as follows: Plaintiff has a valid elementary school teaching credential issued by the State of California. Initially, he was hired by defendant school district as a "day-to-day substitute" in September 1974. In October 1974, defendant hired plaintiff as a "long-term substitute." Later in the same school year in January of 1975, defendant again changed plaintiff's employment status, hiring him as a "temporary employee." As a result of these employment actions, plaintiff served more than 75 percent of the number of days school was maintained by the district for the 1974-1975 school year. Thus, he became eligible for appointment as a probationary teacher pursuant to Education Code section 44918[1] for the ensuing school year should there be any vacant positions in the school district for which he was certified and qualified to serve.

---

[1] All code references herein are to the Education Code unless otherwise indicated. Section 44918, former section 13336.5, provides:

"Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district

Plaintiff and 35 other employees of the school district met the conditions of section 44918 and were thereby eligible for reemployment for the following year to fill vacant classroom teaching positions. There were 28 vacant teaching positions in the district for the school year 1975-1976. Defendant filled 3 of these 28 positions with teachers who did not meet the criteria of section 44918 and thus were not eligible for employment. This left 25 vacant teaching positions which defendant filled by hiring 25 of the 36 teachers qualifying for reemployment under section 44918. Plaintiff and 10 other eligible teachers were not hired as probationary employees by defendant. Of those 25 eligible teachers who were hired, 2 had acceptance dates of employment as long-term substitutes or temporary teachers later than plaintiff's acceptance date so that plaintiff was "senior" to them in this type of employment with the school district.

were maintained in such school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year.

"Any such employee shall be reemployed for the following school year to fill any vacant positions in the school district for which the employee is certified and qualified to serve.

"For purposes of this section, 'qualified to serve' shall be defined to mean the possession of an appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs.

"For purposes of this section, 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.

"Any employee classified as a substitute or temporary employee who has rendered the service required to qualify under this section but who has not been reemployed due to a lack of a vacant position shall be reemployed as a substitute or temporary employee for the following school year.

"In any district in which appointments are made from eligible lists established by examination, special eligible lists shall be established at the end of each school year which consist of the names of those employees who met the requirements of this section. Such lists shall be in rank order based on the final scores established by examination. Such lists shall be valid for at least two school years. Offers for appointments to probationary status during the ensuing school year shall be made from such special eligible lists established by examination; provided, however, permanent or probationary employees terminated during the preceding 39 months pursuant to Section 44955, shall be given priority in employment over persons on such special eligible lists.

"Those employees classified as substitutes, and who are employed to serve in an on-call status to replace absent regular employees on a day-to-day basis shall not be entitled to the benefits of this section.

"Permanent and probationary employees subjected to a reduction in force pursuant to Section 44955 shall, during the period of preferred right to reappointment, have prior rights to any vacant position in which they are qualified to serve superior to those rights hereunder afforded to temporary and substitute personnel who have become probationary employees pursuant to the provisions of this section.

"This section shall not apply to any school district in which the average daily attendance is in excess of 400,000."

Besides the facts stipulated to above, it was stipulated, in effect, that evidence in the form of a declaration by the administrator of personnel services for the district may be considered by the court. The administrator stated that the 25 qualified teachers who were chosen for employment from the pool of 36 eligible teachers were selected "on the basis of qualification, experience and performance, . . ." He also declared that he had offered plaintiff the opportunity to interview for a full-time teaching position at a "year-round" school in the district, but that plaintiff had indicated to him that he was not interested in the position. It was also stipulated that if called to testify, plaintiff would deny that he was ever given such an opportunity and that he would testify that he wanted a teaching position and would have accepted a position had it been offered.

The court made findings in accordance with the stipulated facts and further found that the persons employed to fill the 28 vacant positions for the 1975-1976 school year were chosen on the basis of their qualifications, experience and performance and not upon seniority; that plaintiff failed to show that he would have been selected for one of the three positions which were filled by persons not meeting the criteria of section 44918; that plaintiff was afforded an opportunity to be interviewed for a teaching position at a "year-round school" (Plavan School) but that plaintiff informed the administrator of personnel services that he was not interested in teaching at Plavan; and that plaintiff was employed as a substitute teacher for the 1975-1976 school year. The court concluded that there was substantial evidence to support the reasonableness of the district's decision not to hire plaintiff to fill one of the 25 vacant positions for the 1975-1976 school year and that notwithstanding the district's employment of 3 persons who had not served 75 percent of the school days for 1974-1975, there was no substantial evidence that plaintiff would have been selected for one of those positions. Judgment was entered denying the petition.

On appeal plaintiff contends that he is entitled to be hired as a probationary teacher because the school district violated its ministerial duty to appoint only those in the pool of teachers eligible under section 44918 to vacant teaching positions in the district. He also argues for rehiring on the ground he was senior to two qualified teachers reemployed by the district and that the provisions for reappointment according to seniority found in other sections of the Education Code[2] should be

---

[2]Sections 44844 and 87413 (formerly § 13262) establish that probationary and permanent employees hired before July 1, 1947, shall be deemed to have been employed on the date of their acceptance of probationary positions. They also establish a lottery for employees having the same date of acceptance. Sections 44845 and 87414 (formerly

applied to section 44918. Finally, plaintiff maintains that three findings of fact made by the trial court were not supported by substantial evidence.

Defendant responds that plaintiff made no showing that he would have been offered one of the three positions given to the ineligible teachers; that the district properly exercised its discretion in choosing employees for rehiring from the pool of eligibles; that the Education Code does not mandate the use of seniority in appointing substitute and temporary teachers to probationary status; and that the findings of fact are indeed supported by substantial evidence. We agree and conclude that the trial court did not err in denying the petition for a peremptory writ of mandamus to compel the district to appoint plaintiff as a probationary teacher.

I

█  Generally, for a writ of mandate to issue, two basic requirements are essential, namely, a clear, present and usually ministerial duty on the part of defendant and a clear, present and beneficial right in plaintiff to performance of that duty. (Code Civ. Proc., § 1085; *People* ex rel. *Younger* v. *County of El Dorado,* 5 Cal.3d 480, 491 [96 Cal.Rptr. 553, 487 P.2d 1193]; *Gong* v. *City of Fremont,* 250 Cal.App.2d 568, 572 [58 Cal.Rptr. 664].)

█  In the case at bench, the parties stipulated and the trial court found that the school district violated its ministerial duty under section 44918 to appoint eligible temporary and long-term substitute teachers to vacant positions as probationary employees by appointing unqualified personnel to three vacant positions. █  However, the party who seeks a writ of mandate has the burden of proving that the official body which fails to perform an act has thus violated its duty toward him by denying him a clear and present right. (See *Arnold* v. *Williams,* 222 Cal.App.2d 193, 196-197 [35 Cal.Rptr. 35]; *Tomlinson* v. *Superior Court,* 66 Cal.App.2d 640, 643-644 [152 P.2d 517]; Cal. Civil Writs (Cont. Ed. Bar 1970) § 17.17, pp. 413-414.) █  Plaintiff made no showing that he would have been offered one of the three positions filled by unqualified

§ 13263) make the same provisions for those employed after June 30, 1947. Section 87415 (formerly § 13264) establishes seniority in community college districts on the same basis. Sections 44955 and 87743 (formerly § 13447) provide for layoff of permanent and probationary employees according to seniority. Sections 44956 and 87744 (formerly § 13448) provide for reappointment of laid off permanent employees according to seniority, while sections 44957 and 87745 (formerly § 13448.5) provide the same for probationary employees.

teachers and thus has not carried his burden of proving that he was entitled to one of those three jobs.

■ A writ of mandate will also lie to correct an abuse of the discretion vested in a court, official or board, though it will not lie to control the exercise of the discretion reposed in those bodies. (*Manjares* v. *Newton,* 64 Cal.2d 365, 370 [49 Cal.Rptr. 805, 411 P.2d 901]; *Hays* v. *Superior Court,* 16 Cal.2d 260, 265 [105 P.2d 975]; *Bowles* v. *Antonetti,* 241 Cal.App.2d 283, 286 [50 Cal.Rptr. 370].) In such a case the party seeking the writ must make some showing that the body invested with discretion has acted arbitrarily, capriciously, fraudulently, or without due regard for his rights and that the action was prejudicial to him. (*Hogan* v. *Retirement Board, etc.,* 13 Cal.App.2d 676, 677 [57 P.2d 520]; *Mogan* v. *Board of Police Commrs.,* 100 Cal.App. 270, 276 [279 P. 1080]; Cal. Civil Writs (Cont. Ed. Bar 1970) § 17.18, p. 414.) ■ Here, the school district exercised its discretion in choosing which of the 36 eligible teachers would be offered the 25 vacant positions. An administrator for the district stated and the court found that the district used "qualification, experience and performance" as criteria in its selections. Plaintiff made no showing that the district's actions toward him were in any way arbitrary or capricious; he has thus failed to prove that the district abused its discretion in hiring the teachers from the pool of eligibles.

## II

■ Plaintiff also maintains that the school district violated its duties to him through not holding a lottery and establishing a seniority system among temporary and long-term substitute teachers, so that such teachers would be appointed to vacant probationary positions on the basis of seniority. He argues that though section 44918 does not mandate a seniority system for temporary and long-term substitute teachers, the fact that numerous other statutes[3] establish a seniority system for probationary and permanent teachers means that we should find that such a system exists for temporaries and substitutes. We cannot agree with this reasoning. ■ The role of the courts is not to legislate or to rewrite the law, but to interpret what is before them. (Code Civ. Proc., § 1858; *Estate of Tkachuk,* 73 Cal.App.3d 14, 18 [139 Cal.Rptr. 55]; *People* v. *White,* 122 Cal.App.2d 551, 554 [265 P.2d 115].) ■ Moreover, " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " (*People* v. *Drake,* 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622],

---

[3]See footnote 2, *ante.*

quoting from *People* v. *Valentine*, 28 Cal.2d 121, 142 [169 P.2d 1].) In the case at bench, the fact that detailed seniority systems are set out statutorily for other groups of school employees, but not for temporary and substitute teachers, indicates to us that the Legislature did not intend for their rehiring as probationary employees to be governed by seniority. We conclude that the school district did not wrong plaintiff by hiring two teachers from the eligible pool who had acceptance dates for temporary employment later than his.

## III

Finally, plaintiff contends that three of the findings of fact made by the trial court are not supported by the evidence. ■ The scope of appellate review of findings of fact is well established. " 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' " (Original italics; *Foreman & Clark Corp.* v. *Fallon*, 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362], quoting from *Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

The first finding to which plaintiff objects is finding number 11.[4] His contention that this finding is unsupported by the evidence is inexplicable since the finding is among the facts stipulated to by the parties at the beginning of the hearing.[5] ■ Next, plaintiff contends that there is absolutely no evidence to support finding number 17 which states that persons selected by the district to fill the vacant positions for the 1975-1976 school year were chosen on the basis of "qualification, experience and performance, . . ." The record contains, however, a declaration by the district's personnel administrator which states specifically that these criteria were indeed the basis for the hiring decisions.[6] Last, plaintiff argues that finding number 13, which establishes that the

[4] "In school year 1975-76, there were thirty-six persons, including Petitioner [plaintiff], eligible for twenty-five vacant classroom teaching positions." (Clerk's Transcript, p. 82.)

[5] "In school year 1975-76, there were 36 persons, including the Petitioner [plaintiff], eligible for the 25 vacant classroom teaching positions." (Reporter's Transcript, p. 5.)

[6] While factual issues presented in a mandate proceeding should normally be resolved by the introduction of evidence according to rules governing ordinary civil trials (see *Friends of Lake Arrowhead* v. *Board of Supervisors*, 38 Cal.App.3d 497, 501, fn. 2 [113 Cal.Rptr. 539]; Cal. Administrative Mandamus (Cont. Ed. Bar 1966) § 13.14, p. 225), in the case at bench, the record shows that the parties stipulated to the court's consideration of the administrator's declaration.

reason plaintiff was not hired as a probationary teacher was because the number of eligible teachers exceeded the number of vacant positions, is unsupported by the evidence. There is ample evidence to support this explanation for plaintiff's not being rehired, including the facts stipulated to by the parties and the district administrator's declaration. We conclude that plaintiff's contentions concerning the lack of evidentiary support for the findings of fact are unfounded.

### DISPOSITION

The trial court did not err in denying a peremptory writ of mandamus. The judgment is affirmed.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied March 13, 1979.