Filed 11/22/23  Friends of Big Bear Valley v. County of San Bernardino CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRIENDS OF BIG BEAR VALLEY, | |
| Plaintiff and Respondent, | E077602 |
| v. | (Super.Ct.No. CIVDS1409159) |
| COUNTY OF SAN BERNARDINO, | ORDER MODIFYING OPINION |
| Defendant and Respondent; | [NO CHANGE IN JUDGMENT] |
| MARINA POINT DEVELOPMENT ASSOCIATES et al., | |
| Real Parties in Interest and Appellants. | |

The petition for rehearing filed by Real Parties in Interest on November 15, 2023, is denied.  The opinion filed in this matter on November 1, 2023, is modified as follows:

1.      In the DISCUSSION, section "A.  NEW TRIAL," at the end of that section on page 7, we add the following paragraphs:

1

Developer asserts a new trial should have occurred on remand from *Friends II* because the disposition in *Friends II* was an unqualified reversal. The general rule is that "[a]n unqualified reversal by the reviewing court presumes that the cause has been remanded for a retrial. [Citation.] The reason for the rule is that, by a reversal, the order or judgment appealed from no longer has any vitality or force. In effect, the order or judgment appealed from is vacated." (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655; see also *Atchison, T. & S. F. R. Co. v. Superior Court* (1939) 12 Cal.2d 549, 554-555.) An exception to the foregoing general rule is that a retrial need not occur on remand "when the [appellate] opinion as a whole establishes a contrary intent. It is the substance of the opinion that controls, not the form of the [disposition]." (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1500.)

In *Friends II*, this court expressly wrote that it was assuming, as the trial court also assumed, that Friends's trial argument was correct. That information plainly reflects that no finding has yet been made on whether Friends met its burden of proof. Given that plainly stated assumption by both courts, it would be unreasonable to hold a new trial. When reading *Friends II*, the substance of the opinion indicates that a new trial is not to be had; rather, a new ruling must be issued addressing whether Friends met its burden of proof in the trial that has already occurred. In other words, the plainly stated assumption by this court and the trial court trigger the "contrary intent" exception to the general rule. Therefore, the trial court was correct in not holding a new trial;

however, the trial court does need to issue new findings concerning the trial that already occurred.

In a petition for rehearing, Developer contends, "It is also patently unfair to restrict the Developer to evidence presented five years ago." In our view, fairness requires finishing the findings for the trial that has already taken place, before moving on to any further proceedings.

2. In the DISCUSSION, section "D. REFUSAL TO HEAR ISSUES," on pages 9 and 10, we replace the entire paragraph with the following paragraph:

Developer contends it raised issues of collateral estoppel and res judicata but "[t]he trial court refused to hear these issues." In its trial court memorandum of points and authorities, Developer asserted the issues of collateral estoppel and res judicata were "another reason that the [trial] court should set the matter for [a] new hearing." We have explained ante that before moving on to any new hearings, the trial court needs to determine whether Friends met its burden of proof at the trial that already took place. Therefore, Developer's arguments pertaining to collateral estoppel, res judicata, and a new hearing are premature; we must take one procedural step at a time. (See *In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 502 ["[T]he issue is premature and not ripe for decision. It is gross speculation to assume that circumstances will not change" while the issue matures]; *Benitez v. North Coast Women's Care Medical Group, Inc.* (2003) 106 Cal.App.4th 978, 991 ["a court should avoid advisory opinions"].)

Except for these modifications, the opinion remains unchanged. The modifications do not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

Filed 11/1/23  Friends of Big Bear Valley v. County of San Bernardino CA4/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRIENDS OF BIG BEAR VALLEY, | |
| Plaintiff and Respondent, | E077602 |
| v. | (Super.Ct.No. CIVDS1409159) |
| COUNTY OF SAN BERNARDINO, | OPINION |
| Defendant and Respondent; | |
| MARINA POINT DEVELOPMENT ASSOCIATES et al., | |
| Real Parties in Interest and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Reversed with directions.

Browning Hocker and Robert N. Hocker for Real Parties in Interest and Appellants.

Law Office of Babak Naficy and Babak Naficy for Plaintiff and Respondent.

1

Tom Bunton, County Counsel, Jason M. Searles, Deputy County Counsel, for Defendant and Respondent.

After two prior appeals in this case, the trial court granted the writ sought by plaintiff and respondent Friends of Big Bear Valley (Friends).[1] Real parties in interest and appellants Marina Point Development Associates and Irving Okovita (collectively, Developer) appeal. Defendant and respondent County of San Bernardino (the County) has not appealed. We reverse the order with directions.

## PROCEDURAL HISTORY

### A.       PROJECT APPROVAL AND PERMITS

In 1991, the County's Board of Supervisors approved a large-scale condominium and commercial development project (the project) on the northern shore of Big Bear Lake. The project sat idle for years. Some construction commenced in the early 2000s but was stopped by various agencies and a federal court injunction. The County issued a grading permit for the project in September 2011; a revised grading permit and a boundary wall permit in October 2012; and two demolition permits in April 2014.

---

[1] "Friends of Fawnskin" and "Friends of Big Bear Valley" were used interchangeably in the trial court. The two prior opinions in this case were *Friends of Fawnskin v. County of San Bernardino et al.* (June 2, 2017, E065474) [nonpub. opn.] [modified June 28, 2017]); and *Friends of Fawnskin v. County of San Bernardino et al.* (Feb. 13, 2020, E070682) [nonpub. opn.] [modified March 10, 2020]. The modified version of the opinion in E065474 and the unmodified version of the opinion in E070682 are included in the appellants' appendix.

Developer requests we take judicial notice of 11 documents that are included in the appellants' appendix, such as the two prior opinions in this case. We deny the request because Developer fails to explain "[w]hether the matter to be noticed was presented to the trial court and, if so, whether judicial notice was taken by that court." (Cal. Rules of Court, rule 8.252(a)(2)(B).)

B.    PETITION FOR WRIT OF MANDATE

On June 24, 2014, Friends and the Center for Biological Diversity petitioned for a writ of mandate in the trial court alleging that Developer failed to record a tract map or obtain a building permit within five years of the project's approval, which, under the County's Development Code section 86.06.060, subdivision (a)(5)(B)[2], caused the 1991 Planned Development Permit to expire. Friends asserted the County violated the County's Code by issuing grading and demolition permits for the project because the 1991 approval had expired.

Friends sought (1) a writ requiring the County to set aside the demolition, grading, and boundary wall permits; and (2) declarations that the approvals for the project had expired and that the County was prohibited from issuing permits for the project until new land use approvals were issued. In December 2015, the trial court denied the petition, concluding the petition was barred by a 90-day statute of limitations for bringing an action to challenge an advisory agency's decision concerning a subdivision. (Gov. Code, § 66499.37.)

C.    FIRST APPEAL—E065474 (*FRIENDS I*)

Friends appealed on the basis that the 90-day statute of limitations (Gov. Code, § 66499.37) was not applicable to its petition. (*Friends of Fawnskin v. County of San Bernardino et al.* (June 2, 2017, E065474) [nonpub. opn.] [modified June 28, 2017].) This court concluded that the 90-day statute of limitations did apply to the petition. As

---

[2] All subsequent code citations will be to the County's Development Code unless otherwise indicated.

3

a result, we affirmed in part and reversed in part. We affirmed as to the 2011 and 2012 permits, but reversed regarding the April 2014 demolition permits. We concluded that the April 2014 demolition permits fell within the 90-day deadline, and thus the challenge to those permits was not time-barred.

### D. TRIAL (FIRST REMAND)

At trial, Friends sought to prove that the April 2014 demolition permits were invalid because the project approval had expired prior to 2014 due to Developer failing to record a map or obtain a new building permit within five years of the project's initial approval and during each subsequent five-year interval. (§ 86.06.060(a)(5)(B).)

The trial court ruled, "Even if it is assumed that [Friends] is correct in its assertion that the Planned Development Permit expired at some point before the issuance of the 2014 demolition permits . . . , the approval of the Site Plan Revision by [the] County seems to be the type of authorization [that] . . . allows [Developer] to move forward with work on the Project in compliance with the Development Code. Therefore, under [the Development Code], the issuance of the 2014 demolition permits is contemplated and allowed after the expiration of the Planned Development Permit." The trial court denied the writ petition.

### E. SECOND APPEAL—E070682 (*FRIENDS II*)

Friends again appealed to this court. (*Friends of Fawnskin v. County of San Bernardino et al.* (Feb. 13, 2020, E070682) [nonpub. opn.] [modified March 10, 2020].) Friends asserted the trial court had erred because the 2014 demolition permits had been issued before the County approved the site plan revision.

4

The first paragraph of the "Discussion" section in *Friends II*, reads: "Friends contends the 1991 planned development approval expired because Developer went more than five years without obtaining a building permit or recording a map. The trial court assumed this argument was correct. Accordingly, we will also assume this argument is correct." (*Friends of Fawnskin v. County of San Bernardino* (Feb. 13, 2020, E070682) [nonpub. opn] [mod. Mar. 10, 2020] [2020 WL 728317, *4.)

We applied the substantial evidence standard in reviewing the trial court's finding that the County approved the revised site plan before the demolition permits were issued. The two demolition permits were issued on April 22, 2014. We saw no evidence in the record reflecting the County approved Developer's revised site plan prior to April 22, 2014. Therefore, we concluded substantial evidence did not support the trial court's finding that the April 2014 demolition permits were validly issued. *Friends II* was modified in March 2020, and the disposition reads, "The order is reversed. Appellant is awarded its costs on appeal."

F.      SECOND REMAND

On remand, Developer contended that, because *Friends II* had resulted in an unqualified reversal, a new trial should be held in the case. Developer asserted that, upon retrial, it would provide different evidence pertaining to the permit expiration issue. Friends conceded the general rule is that an unqualified reversal results in a new trial on remand. However, Friends asserted this court had already rejected Developer's arguments in *Friends II,* which meant this court "intended to dispose of the case once and for all."

5

In reading *Friends II*, the trial court determined that we addressed all of Developer's arguments, leaving nothing for retrial, which made "it clear that the appellate court intends for this court to enter judgment for [Friends] without retrial." Thus, the trial court "grant[ed] the writ petition setting aside the approvals of the 2014 permits on the ground the underlying approval for the Project had already expired."

## DISCUSSION

### A.     NEW TRIAL

Developer argues the trial court erred by not conducting a new trial on remand from *Friends II*.

"In a petition for writ of mandate brought pursuant to Code of Civil Procedure section 1085, . . . the petitioner bears the burden of pleading and proving the facts on which the claim for relief is based." (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1153-1154; see also *Fair v. Fountain Valley School Dist.* (1979) 90 Cal.App.3d 180, 186-187.) The petitioner also bears the burden of proof when seeking a writ pursuant to Code of Civil Procedure section 1094.5. (*Fukada v. City of Angels* (1999) 20 Cal.4th 805, 819-820; *Young v. City of Coronado* (2017) 10 Cal.App.5th 408, 419.)

Friends's petition reads, "This court has jurisdiction over the writ action under sections 1085 and 1094.5 of the Code of Civil Procedure." Therefore, Friends bore the burden of proof in the trial court. After the trial, the trial court assumed Friends's argument was correct, but nevertheless found in favor of Developer. In *Friends II*, we also assumed, without deciding, that Friends's argument was correct, in order to not

6

supplant the trial court's role. On remand, the trial court thought that we impliedly directed it to enter judgment in favor of Friends—we did not.

In *Friends II*, we rejected Developer's various arguments as to why the project approvals had not expired. Friends asserts that our rejection of Developer's arguments meant we decided the expiration issue "in favor of Friends." That is incorrect. Our rejection of Developer's arguments does not equate with a finding that Friends met its burden. We express no opinion as to whether Friends has met its burden of proof and leave that issue to the trial court to decide in the first instance. (*California Building Industry Assn. v. Bay Area Air Quality Management Dist.* (2016) 2 Cal.App.5th 1067, 1088.)

The trial court erred on remand by entering judgment in favor of Friends based on the conclusion that we implicitly directed such entry of judgment in *Friends II*. We will now explicitly state that it is the trial court that must decide whether Friends met its burden of proof. In turn, the trial court did *not* err in denying Developer's request for a new trial on remand because it would be error to start a new trial when the trial court has not yet decided whether Friends met its burden of proof in the trial that has already taken place. Thus, on remand, the trial court should issue a new decision addressing whether Friends met its burden, based on the trial that has already taken place, because a finding has not yet been made on that issue.

B.     AMBIGUOUS FINDING

Developer contends the trial court's finding is ambiguous because the trial court failed to specifically identify the "underlying approval" that expired. We are reversing

7

the trial court's ruling so that a new ruling may be made.  Accordingly, we can offer Developer no further relief as to this issue.

### C.     DUE PROCESS

Developer asserts it was denied due process because neither this court nor the trial court decided whether the planned development permit for the project expired under section 86.06.060, subdivision (a)(5)(B).[3]  The trial court will have to decide if Friends met its burden of proof.  Accordingly, because the process is ongoing, it is premature to decide if Developer has been denied due process on this point.

### D.     REFUSAL TO HEAR ISSUES

Developer contends it raised issues of collateral estoppel and res judicata but "[t]he trial court refused to hear these issues."  Developer fails to provide a record citation to the trial court's refusal.  Rather, Developer cites only its trial court memorandum of points and authorities in which it asserted the issues of collateral estoppel and res judicata were "another reason that the [trial] court should set the matter for [a] new hearing."  Because the issues were argued and there is no indication that the

---

[3] Section 86.06.060, subdivision (a)(5)(B), provides, "Notwithstanding the above provisions of this Section, a conditionally approved Planned Development Permit for a phased project shall be subject to a time limitation not to exceed that specified by the condition of approval for the Development Plan approval.  The applicant, however, shall either record a tract map or obtain Building Permits for at least one phase of the project within five years of the Development Plan conditional approval and, as applicable, within each succeeding five-year period.  Each five-year period shall begin with the last County approved action that was accomplished (e.g., recordation of a tract map, obtain a Building Permit)."

trial court refused to consider the arguments, we are not persuaded that the trial court refused to hear the issues.

## DISPOSITION

The order is reversed.  The trial court is directed to issue a ruling as to whether Friends met its burden on its petition based upon the evidence already taken by the trial court.  The parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)[4]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

---

[4] Although we are reversing, we do not award costs to Developer because its appellate argument—that the trial court should have conducted a new trial—was incorrect.