[No. H003941. Sixth Dist. Aug. 14, 1989.]

THERESE P. ROYSTER, Plaintiff and Appellant, v.
PAUL CUSHMAN et al., Defendants and Respondents.

**COUNSEL**

Carey W. Royster for Plaintiff and Appellant.

Barbara Booth Grunwald, Louis T. Lozano and Lozano, Smith, Smith & Woliver for Defendants and Respondents.

**OPINION**

**ELIA, J.**—Appellant Therese P. Royster sought a writ of mandate to compel respondents Alisal School District and its Board of Trustees to

employ her as a probationary employee and pay her various back salary benefits. Respondents filed a motion for summary judgment alleging that they had no duty to employ appellant. The motion was granted and Royster appeals. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Appellant is an elementary school teacher who was hired by respondent Alisal School District (District) in November 1984. She was classified as a temporary teacher under Education Code section 44920[1] and taught in that classification for more than 75 percent of the 1984-1985 school year. Appellant taught a bilingual class with several teachers who either possessed a bilingual credential or a bilingual waiver. Although appellant has a valid California general elementary credential, she does not have a credential authorizing her to teach in a bilingual classroom.

In October 1984, the District asked the State Board of Education (Board) to waive the bilingual credential requirement for many of its teachers. Section 52178 permits a waiver for teachers who are not bilingual but who are attempting to obtain bilingual certification. The statute, which recognizes the shortage of credentialed bilingual teachers, expressly requires the district to file the bilingual waiver with the Board by October 1 of the appropriate school year.

When appellant was hired in November 1984, the director of curriculum asked the principal of appellant's school to have appellant sign the form necessary to become a waivered teacher. Appellant signed the waiver form and the principal turned it into the District. However, the District never forwarded the form to the Board. As a consequence, appellant was not formally classified as a "waivered" teacher.

At the beginning of the 1985-1986 school year, the District hired 20 new teachers. All were bilingual in Spanish and English and either held a bilingual credential or certificate, or obtained an emergency bilingual credential. After the 20 teachers were hired, the District still lacked a sufficient number of bilingual teachers and was obliged to request a bilingual waiver for 11 of its continuing permanent teachers.

Appellant sought reemployment as a probationary employee for the 1985-1986 school year but she was not hired for any of the vacant positions because she did not possess a bilingual credential. However, appellant was

---

[1] All further statutory references are to the Education Code unless otherwise noted.

employed by the District as a temporary employee for a portion of the 1985-1986 school year.

Appellant filed a petition for a writ of mandate naming as respondents the District and members of its board of trustees. She claims the District had a duty under section 44918 to employ her as a probationary employee for the 1985-1986 school year. Respondents' motion for summary judgment was granted and appellant brings this appeal.

■ "Since a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal, applying the same . . . analysis required of the trial court." (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].)

## DISCUSSION

■ The issue is whether appellant has a right to be employed as a probationary employee pursuant to section 44918. For the reason discussed below, we conclude that she does not.

Section 44918[2] requires that a temporary employee who serves 75 percent of the preceding school year be reemployed as a probationary employee if

---

[2] Section 44918 provides: "Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in such school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year.

"Any such employee shall be reemployed for the following school year to fill any vacant positions in the school district for which the employee is certified and qualified to serve.

"For purposes of this section, 'qualified to serve' shall be defined to mean the possession of an appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs.

"For purposes of this section, 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave.

"Any employee classified as a substitute or temporary employee who has rendered the service required to qualify under this section but who has not been reemployed due to a lack of a vacant position shall be reemployed as a substitute or temporary employee for the following school year.

"In any district in which appointments are made from eligible lists established by examination, special eligible lists shall be established at the end of each school year which consist of the names of those employees who met the requirements of this section. Such lists shall be in rank order based on the final scores established by examination. Such lists shall be valid for at least two school years. Offers for appointments to probationary status during the ensuing school year shall be made from such special eligible lists established by examination;

there is a vacant position within the District for which the employee is (1) certified and (2) qualified to serve. ■ The preferential reemployment rights granted under section 44918 apply to teachers, such as appellant, hired as temporaries under section 44920. (*Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500, 502 [204 Cal.Rptr. 711, 683 P.2d 710].)

■ The parties agree that appellant was certified but disagree over whether she was "qualified to serve" in the vacant positions for bilingual teachers. Section 44918 states that one is "qualified to serve" if she possesses the "appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs." Although appellant does not possess a bilingual credential, she contends the waiver process, through which the District allows nonbilingual teachers to teach bilingual classes while obtaining bilingual credentials, constitutes the "appropriate credential." In other words, appellant argues that a "waiver" is the equivalent of an "appropriate credential" and therefore a previously "waivered" temporary teacher has reemployment rights under section 44918 over a newly hired bilingual teacher.

As noted above, the District did not file appellant's waiver request with the Board. However, even if it had, and appellant formally was designated a "waivered" teacher for the 1984-1985 school year, we still do not believe she was entitled to be reemployed ahead of a newly hired teacher with bilingual credentials. This is because appellant did not comply with the requirements imposed upon waivered teachers by section 52178.

Section 52178 states that the District may request a renewable two-year waiver for "each teacher who is not bilingual-cross- cultural but who is enrolled and participating in a program leading to a bilingual specialist credential or a certificate of competence for bilingual-crosscultural instruction. . . . Such a teacher, . . . may teach in a program of bilingual instruction . . . commencing with the first year that the teacher was under waiver,

provided, however, permanent or probationary employees terminated during the preceding 39 months pursuant to Section 44955, shall be given priority in employment over persons on such special eligible lists.

"Those employees classified as substitutes, and who are employed to serve in an on-call status to replace absent regular employees on a day-to-day basis shall not be entitled to the benefits of this section.

"Permanent and probationary employees subjected to a reduction in force pursuant to Section 44955 shall, during the period of preferred right to reappointment, have prior rights to any vacant position in which they are qualified to serve superior to those rights hereunder afforded to temporary and substitute personnel who have become probationary employees pursuant to the provisions of this section.

"This section shall not apply to any school district in which the average daily attendance is in excess of 400,000."

*so long as continuing progress toward the certificate of competence is indicated in accordance with this section."* (Italics added.)

Teachers beginning their second year on waiver must demonstrate the following progress toward meeting the requirements of the bilingual-cross-cultural certificate of competence: "(1) competence in language, culture, or methodology, as required by subdivision (a), (b), or (c) of Section 44253.5, and (2) for the teacher who is not competent in language, enrollment in a program for the study of language which is approved by the Commission on Teacher Credentialing or enrollment in a course for the study of language which is established or approved by the State Department of Education, or a program which meets the standards and criteria prescribed by the department under this section." (§ 52178.)

Title 5, California Code of Regulations, section 4310 also requires that a teacher on waiver make progress toward obtaining her bilingual credential: "Two-year waivers approved by the Board are subject to Board review after the first year and may be withdrawn if the teacher on waiver is not making satisfactory progress toward meeting the requirements for the bilingual cross-cultural certificate of competence or other appropriate bilingual credential."

In this case, it is undisputed that appellant did not make any progress toward obtaining her bilingual credential. She did not take any classes in the Spanish language or culture after she was hired in November 1984. Appellant does not read, write or speak Spanish fluently. She has never used Spanish as her primary language of instruction in a classroom. In short, appellant made no attempt to comply with the requirements for the bilingual waiver and wholly lacked the educational background which would make her qualified to teach a bilingual classroom pursuant to a bilingual waiver.

Appellant states that she wrote a letter to the District in May 1985 inquiring about reemployment and the educational requirements for waivered teachers but never received an answer. However, the bilingual waiver form she signed when hired set out the educational requirements. Appellant also signed a "Bilingual Assurance Form" in which she assured the District "that I have been working at becoming bilingual and will continue until I complete the necessary requirements. . . ." In any event, appellant cannot have it both ways. If she wants the status of a teacher placed on waiver, she must comply with the concomitant requirements.

In addition, the purpose of the Bilingual-Bicultural Education Act of 1976[3] (§ 52160 et seq.) would be frustrated if appellant were permitted to teach a bilingual class without meeting the educational requirements of section 52178. Section 52161 states in pertinent part: "The Legislature finds and declares that the primary goal of all programs under this article is, as effectively and efficiently as possible, to develop in each child fluency in English." In accord with this goal, the act "recognizes the need to take appropriate action to overcome English language barriers which impede a student's 'equal' participation in the public school system." (*Jimenez* v. *Honig* (1987) 188 Cal.App.3d 1034, 1037-1038 [233 Cal.Rptr. 817].)

■ As these provisions demonstrate, the primary purpose of the Bilingual-Bicultural Education Act is to help students obtain proficiency in English. ■ That goal would be hindered if the District were required to reemploy a temporary teacher who had not met the waiver requirements when teachers with bilingual credentials were available. We recognize that the waiver procedure gives teachers an incentive to obtain bilingual credentials while simultaneously allowing the teacher to "learn on the job." (*Alexander* v. *Board of Trustees* (1983) 139 Cal.App.3d 567, 575 [188 Cal.Rptr. 705].) However, in this case, appellant has made no attempt to "learn on the job" and as a result the interests of the students clearly take precedence.

Finally, we note that appellant is not entirely without reemployment rights. If any of the vacant positions had been for monolingual teachers, it appears clear that appellant would have satisfied the requirements of section 44918. (*Taylor* v. *Board of Trustees, supra,* 36 Cal.3d at p. 502; *Fair* v. *Fountain Valley School Dist.* (1979) 90 Cal.App.3d 180, 185-186 [153 Cal.Rptr. 56].) Moreover, section 44918 provides that if there is no vacant position in which the teacher is qualified to serve, the teacher shall be reemployed as substitute or temporary employee. That is exactly what happened here. Appellant was reemployed as a temporary employee for a portion of the 1985-1986 school year.

In sum, even assuming that appellant had been formally classified as a waivered teacher during the 1984-1985 school year, she did not meet the educational requirements imposed by section 52178. Because she did not make progress toward obtaining a bilingual credential, appellant's "waiver" is not an "appropriate credential" rendering her "qualified to serve" in vacant positions for bilingual teachers. Accordingly, appellant was not entitled to be reemployed as a probationary employee under section 44918.

---

[3] The bilingual education program ceased to be operative on June 30, 1987. (§§ 62000, 62000.2.)

The judgment of the trial court is affirmed.

Agliano, P. J., and Cottle, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 1, 1989.