[No. A048524. First Dist., Div. Five. Jan. 24, 1991.]

CAROL KALAMARAS, Plaintiff and Respondent, v.
ALBANY UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Russo, Weintraub & Bellia, David Weintraub and Axel Duwe for Plaintiff and Respondent.

Littler, Mendelson, Fastiff & Tichy and Patricia P. White for Defendants and Appellants.

**OPINION**

**KING, J.**—In this case we hold a temporary teacher's reemployment rights under Education Code section 44918 cannot be defeated by an unsatisfactory evaluation after he or she has served for 75 percent of the school year.

The Albany Unified School District (District) appeals a judgment issuing a peremptory writ of mandate ordering it to rehire Carol Kalamaras as a probationary certificated employee. We affirm.

The District hired Kalamaras as a full-time temporary certificated employee for the academic year 1987-1988, during which she functioned as librarian of Marin Elementary School. In November and again in February she received preliminary evaluations of "needs improvement," and in April

a final "overall evaluation unsatisfactory." (Kalamaras allegedly failed to maintain a suitable learning environment and good relations with students.) The District told Kalamaras the librarian position was to be eliminated the following year and did not rehire her in any capacity. In September 1988, she learned a librarian had been hired from outside the District. After failing to resolve the matter through the grievance procedure, Kalamaras filed a petition for writ of mandate on July 7, 1989. After a hearing on September 26, the trial court issued its judgment and a peremptory writ of mandate on December 11, 1989.

## I.

■ "Generally, for a writ of mandate to issue, two basic requirements are essential, namely, a clear, present and usually ministerial duty on the part of defendant and a clear, present and beneficial right in plaintiff to performance of that duty." (*Fair* v. *Fountain Valley School Dist.* (1979) 90 Cal.App.3d 180, 186 [153 Cal.Rptr. 56].) "A writ of mandate will also lie to correct an abuse of the discretion vested in a court, official or board, though it will not lie to control the exercise of the discretion reposed in those bodies." (*Id.* at p. 187.)

Kalamaras contends (and the trial court found) that Education Code section 44918[1] imposed on the District a ministerial duty to reemploy her. The District argues the statute does not divest it of the discretion to base reemployment on its evaluation of employee performance and it has not abused that discretion. ■ "Interpretation and applicability of a statute or ordinance is clearly a question of law." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 242, p. 247.) ■ "It is the duty of an appellate court to make the final determination from the undisputed facts and the applicable

---

[1] Education Code section 44918 provides, in pertinent part: "Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in such school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year. [¶] Any such employee shall be reemployed for the following school year to fill any vacant positions in the school district for which the employee is certified and qualified to serve. [¶] For purposes of this section, 'qualified to serve' shall be defined to mean the possession of an appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs. [¶] For purposes of this section, 'vacant position' means a position in which the employee is qualified to serve and which is not filled by a permanent or probationary employee. It shall not include a position which would be filled by a permanent or probationary employee except for the fact that such employee is on leave. [¶] Any employee classified as a substitute or temporary employee who has rendered the service required to qualify under this section but who has not been reemployed due to a lack of a vacant position shall be reemployed as a substitute or temporary employee for the following school year."

principles of law." (*Sutco Construction Co.* v. *Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].)

## A.

The trial court found that Kalamaras automatically became a probationary employee once she had completed 75 percent of the school year and that as such she was entitled to written notice of nonreemployment which she was not given. The trial court explicitly and repeatedly based this conclusion on language from *Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500, 505 [204 Cal.Rptr. 711, 683 P.2d 710], which it quoted out of context. In fact, the *Taylor* court was describing the effect of a predecessor statute when it said that a substitute who taught 75 percent of the school year "was automatically transformed into a probationary employee, regardless of the district's failure to classify him as such." The court went on to note that this provision could create "a significant problem" of overstaffing. (*Ibid.*) Continuing its historical survey, the court noted that ultimately the Legislature "added *temporary* employees to the coverage of the statute, and at the same time deleted the language providing automatic probationary status." (*Id.* at p. 506, italics in original.)

The current statute clearly states that a temporary who functions as a certificated employee for 75 percent of the school year "shall be deemed to have served a complete school year as a probationary employee" only retroactively, *if* rehired as a probationary for the following year. In other words, once the temporary gets on "tenure track," her year as a temporary counts toward the two-year probationary period required to become a permanent employee. (Ed. Code, § 44929.21.)

■ That the trial court's rationale was erroneous does not end our inquiry. "If the *decision* of the lower court is right, the judgment or order will be affirmed regardless of the correctness of the grounds upon which the court reached its conclusion." (9 Witkin, Cal. Procedure (3d ed. 1985) § 259, p. 266, italics in original.)

## B.

■ Kalamaras contends that by its terms Education Code section 44918 mandates her reemployment even though she remained a temporary throughout the 1987-1988 school year. The District contends she does not fall within the statute's mandate because she had not "performed the duties normally required of a certificated employee of the school district," as documented by her final unsatisfactory evaluation. In other words, the District maintains that in this context "performed" means "satisfactorily performed."

■ "The fundamental rule of statutory construction is that the court should ascertain the legislative intent so as to effectuate the purpose of the law. To this end, every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. Legislative intent will be determined so far as possible from the language of the statutes, read as a whole. If the words of an enactment, given their ordinary and proper meaning, are reasonably free from ambiguity and uncertainty, the court will look no further to ascertain the legislative intent. In the construction of a statute, the office of the judge is simply to ascertain and declare what is contained therein, not to insert what has been omitted, or to omit what has been inserted." (*County of Fresno* v. *Clovis Unified School Dist.* (1988) 204 Cal.App.3d 417, 426-427 [251 Cal.Rptr. 170], citations omitted.)

■ The plain meaning of the disputed criterion is that the statute applies to those functioning as certificated rather than as classified employees, i.e., noncertificated employees or certificated employees performing jobs not requiring certification. (See Ed. Code, § 45104.) Thus, the *Taylor* court said of Mr. Taylor, "During the 1979-1980 school year, he was employed by the District as a substitute teacher and part-time coach. During this school year, he performed the duties of a certificated teacher less than 60 percent of the time." (*Taylor* v. *Board of Trustees, supra*, 36 Cal.3d at p. 502.) Beginning October 15, 1980, Taylor was employed as a temporary to replace a language arts teacher on leave of absence for the rest of the school year. (Ed. Code, § 44920.) The court stated, "During this school year, Taylor served for at least 75 percent of the number of days the regular schools of the District were maintained and he performed the duties normally required of a certificated employee of the District. He also served as a track coach. His evaluations in both capacities were favorable." (*Id.* at p. 503, fn. omitted.) The implications of this employment summary—especially the last two sentences—are that 1) Taylor was performing duties normally required of certificated employees when he taught English but not when he coached track, and 2) Taylor's favorable evaluations were considered as a factor separate from performing duties normally required of certificated employees.

It is undisputed that Kalamaras functioned as a librarian, i.e., a certificated employee, rather than as a track coach or other classified employee. That is all the statute requires. If the Legislature meant "satisfactorily performed" rather than merely "performed," it would have said so.

Although it is true the temporary teachers whose reemployment rights were upheld in *Taylor* v. *Board of Trustees, supra*, 36 Cal.3d 500, and *California Teachers Assn.* v. *Governing Board* (1987) 195 Cal.App.3d 285

[240 Cal.Rptr. 549], received satisfactory evaluations, this was not a factor in either decision. Neither case construed the phrase "performed the duties normally required of a certificated employee," except to the extent the *Taylor* court, as shown above, seems to have assumed it did not necessarily include satisfactory evaluations.

The District's argument is predicated on its refusal to recognize the difference between determining whether Kalamaras performed the duties normally required of a certificated employee (as opposed to the duties normally required of a classified employee) and evaluating the quality of her performance of those duties. It points out that the Stull Act (Ed. Code, § 44660 et seq.) requires school administrators to do the latter and notes that to this end the District has established certain "evaluation categories" including "learning environment" and "relations with students." But the very statute which establishes the District's obligation to evaluate teachers (Ed. Code, § 44662) distinguishes between job responsibilities (i.e., required duties) and competence in fulfilling those responsibilities. The District admits Kalamaras was "functioning as an instructional certificated employee," claiming only that "she did not perform her duties in a satisfactory manner." The former brings her within Education Code section 44918's protection. The latter is, as the trial court remarked, irrelevant in this regard.

■ How then is a District to rid itself of a temporary certificated employee whose performance it considers unsatisfactory? Generally, he or she may be summarily dismissed.[2] (*Taylor* v. *Board of Trustees, supra,* 36 Cal.3d at p. 505.) Education Code section 44918, however, must preclude summary dismissal once he or she has served 75 percent of the school year, since reemployment rights would be meaningless if the District could dismiss him or her for any reason or for no reason at all after such rights attached. As this court noted in a slightly different context, "Such unbridled power to circumvent the reemployment rights conferred by section 44918 cannot have been intended by the Legislature." (*Eureka Teacher's Assn.* v. *Board of Education* (1988) 202 Cal.App.3d 469, 473 [247 Cal.Rptr. 790].)

While the Education Code establishes procedures for dismissing probationary teachers during the school year for unsatisfactory performance or for cause (Ed. Code, § 44948.3) and for notifying them of nonreelection (Ed. Code, § 44929.21), there are no such provisions regarding temporary teachers.[3] It appears that in the last quarter of the school year there is no

---

[2] The District questions whether it possesses the power to summarily dismiss a temporary certificated employee for unsatisfactory performance of his or her duties. School districts have no obligation to retain such an employee and, as we discuss, are only precluded from summary dismissal once 75 percent of the school year has been served.

[3] Kalamaras's statement, "These teachers could presumably be dismissed before the year's end for cause" is based on her incorrect assumption that they have automatically become probationaries by that time (see, *ante,* part A).

way the District can get rid of an unsatisfactory temporary teacher or fail to rehire him or her if an appropriate vacancy occurs the following year.

The District maintains it is not logical to assume the Legislature intended temporary employees to have "more rights" than probationary employees, so that an interpretation of the statute prohibiting summary dismissal after rehiring rights have attached is "not persuasive." It is, however, not impossible the Legislature did intend to grant temporary teachers an extra modicum of protection given that, "The obvious purpose of the statute is to prevent school boards and administrators from abusing their discretion in hiring substitute [and temporary] teachers so as to circumvent the tenure rights of teachers." (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 38 [112 Cal.Rptr. 27], see also *Taylor* v. *Board of Trustees, supra,* 36 Cal.3d at p. 505.) As the *Taylor* court noted, "It is apparent that the Education Code is the product of many compromises between competing considerations . . . ." (*id.* at p. 509), and absent this protection, a District could fill permanent teaching positions with an endless string of temporaries, thereby saving the District money at a cost to students of salutary continuity and to teachers of equally salutary job security.

In most cases, a District should be able to decide whether or not it is sufficiently satisfied with a teacher's performance to rehire him or her within the first three-quarters of the year while summary dismissal is still available. On the other hand, a District might reasonably believe it less disruptive for students to keep a somewhat unsatisfactory teacher in the classroom for the remainder of the school year than to remove him or her and bring in a new, perhaps untried, replacement. It is also possible that grounds for dismissal other than unsatisfactory performance (Ed. Code, § 44932) might arise or be discovered after rehiring rights have attached. In those situations, the District would be forced to rehire an unsatisfactory teacher for the following year if an appropriate vacancy occurred.

If that is not what the Legislature intends, it is for that body rather than this court to fill the lacunae in the statutory scheme. Meanwhile, the problem does not arise in this case, for the District does not claim to have dismissed or attempted to dismiss Kalamaras for unsatisfactory performance, for cause, or otherwise, at any time during the school year, before or after rehiring rights attached. Rather, it claims she never obtained rehiring rights because she received an unsatisfactory evaluation. As the statute is now written this is incorrect.

None of the cases the District cites compels a different interpretation; only one concerns Education Code section 44918 rehiring rights of tempo-

rary certificated employees at all. In *California Teachers Assn.* v. *Governing Board* (1983) 144 Cal.App.3d 27 [192 Cal.Rptr. 358], the court held a permanent employee could be dismissed for incompetency (specifically, the inability to maintain an orderly classroom (*id*. at p. 34)) despite the lack of uniform, written, and objective evaluation guidelines. In *Mayer* v. *Board of Trustees* (1980) 106 Cal.App.3d 476 [165 Cal.Rptr. 655], the court held Education Code section 45028 (mandating salary schedule placement based on a uniform allowance for years of training and years of experience) did not preclude a collective bargaining agreement to define "years of experience" as "years of satisfactory experience." By analogy, the District seems to suggest, it can define "performed" in section 44918 as "successfully performed." The situation might be analogous if section 45028 mandated a salary increase for each year of experience and the District tried to insert the omitted word "satisfactory." But this is not the case. Section 45028 mandates only a uniformity which is not defeated by the negotiated definition.

In *Fair* v. *Fountain Valley School Dist., supra*, 90 Cal.App.3d 180, plaintiff was one of 36 teachers with Education Code section 44918 rehiring rights (although no mention is made of his performance evaluations), with only 28 vacancies to be filled. The parties stipulated and the trial court found the district violated its ministerial duty under section 44918 by filling three of the vacant positions with non section 44918-eligible teachers. But the court affirmed the trial court's conclusion that plaintiff was not thereby denied a clear and present right, because he made no showing that of the eleven eligible teachers not reappointed he would have been one of the three selected had the district completely complied with the statute. Finally, the court affirmed the trial court's holding that the district did not abuse its discretion in choosing the 25 eligible temporaries who were reappointed on the basis of "qualification, experience, and performance" rather than seniority. (*Id*. at pp. 184-187.) This case permits performance to be considered in granting statutory reemployment rights only if there are fewer vacancies than eligible temporaries.

Finally, in *King* v. *Berkeley Unified School Dist.* (1979) 89 Cal.App.3d 1016 [152 Cal.Rptr. 782], the court affirmed the trial court's holding that the district had not abused its discretion in determining that certain laid-off permanent teachers with preferential rehiring rights were not "certificated and competent" within the meaning of former Education Code section 13448 (now Ed. Code, § 44956) to claim particular vacant positions. Again, the District proceeds by false analogy. The criterion in Education Code section 44918 analogous to former Education Code section 13448's "certificated and competent to render [certain services]" is "certified and qualified to serve," with "qualified to serve . . . defined to mean the possession of an appropriate credential plus completion of appropriate academic prep-

aration or experience in the subject matter in which the vacant position occurs." The District does not claim Kalamaras is deficient in any of these areas. "Competent" as used in section 13448 is not analogous to "performed the duties normally required . . ." as used in section 44918, absent the unwarranted insertion of the word "satisfactorily" before "performed."

### II.*

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

Appellants' petition for review by the Supreme Court was denied April 11, 1991.

---

*See footnote, *ante*, page 1571.