[No. D014459 Fourth Dist., Div. One. July 17, 1992.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
COMMISSION ON TEACHER CREDENTIALING et al., Defendants and Respondents.

[Opinion certified for partial publication.[1]]

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Charles R. Gustafson, Beverly Tucker, Rosalind D. Wolf and Robert E. Lindquist for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Jill P. Ingram, Deputy Attorneys General, Littler, Mendelson, Fastiff & Tichy, Richard J. Currier, C. Anne Hudson, Judith S. Islas, Horton, Knox, Carter & Foote and Frank A. Oswalt III for Defendants and Respondents.

## OPINION

**BENKE, J.**—In this case a group of regularly credentialed teachers unsuccessfully applied for teaching jobs in a number of Imperial County school districts. In place of the regularly credentialed teachers, the districts hired individuals who had received emergency credentials from the Commission on Teacher Credentialing (Commission). By way of a petition for a writ of mandate the regularly credentialed teachers challenged the Commission's issuance of the emergency credentials and the districts' decision to employ teachers who received the emergency credentials.[2] The trial court sustained demurrers to their amended petition without leave to amend.

We affirm. As we interpret the pertinent statute and administrative regulation, the availability of regularly credentialed teachers does not prevent the Commission from issuing emergency credentials and does not prevent districts from hiring individuals who have received emergency credentials.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Initial Petition*

On August 8, 1990, the California Teachers Association and four individuals filed a petition for a writ of mandate in the superior court. The petition named as respondents seven school boards, the superintendents of each of seven school districts, the Imperial County Board of Education, the Imperial County Superintendent of Schools and the Commission.

The petition alleged the four individuals were regularly credentialed teachers and that in the summer of 1989 they had applied for vacant teaching

---

[2]The regularly credentialed teachers also alleged that in applying for teaching jobs they were entitled to procedural rights which would have prevented the districts from relying on rumors and innuendo about them. In an unpublished portion of this opinion we find these claims have no merit.

positions in the seven school districts. According to the petition the school districts acted unlawfully in failing to hire the petitioners and instead hired individuals with emergency credentials issued by the Commission.

The respondents demurred to the petition and on October 15, 1990, their demurrers were sustained with 30 days leave to amend.

### 2. *Amended Petitions*

On November 13, 1990, the petitioners filed an amended petition. On December 5, 1990, before any response to the amended petition was made, the petitioners filed a second amended petition. The amended petitions added four individuals as petitioners, five additional governing boards and five additional superintendents as respondents. The amended petitions again alleged that each of the individual petitioners held a regular teaching credential issued by the Commission. The amended petitions added allegations that, as in 1989, in the summer of 1990 the individual petitioners applied for vacant teaching positions in the respondent school districts and the districts instead hired teachers with emergency credentials.

The respondents demurred to the amended complaints and their demurrers were sustained without leave to amend. A judgment dismissing the petition was entered and the petitioners filed a timely notice of appeal.

### ISSUES ON APPEAL

On appeal petitioners, as they did below, argue the districts should have hired regularly credentialed teachers before resorting to teachers with emergency credentials.

### I

Because, in the final analysis, our disposition of this case rests on our interpretation of the relevant statute and regulation, a brief review of the pertinent statutory and regulatory history is appropriate.

The Education Code of 1959, like its predecessor, gave the Commission the power to issue provisional credentials in accordance with regulations adopted by the Commission. (Stats. 1959, ch. 2, § 3, p. 909, Ed. Code,[3] former § 13117; see also Stats. 1943, ch. 71, p. 535.) In turn the Commission adopted section 611 of subchapter 3, title 5 of the former California Administrative Code which permitted issuance of provisional credentials when a

---

[3]All statutory references are to the Education Code unless otherwise specified.

district submitted a statement of need to the Commission. The regulation required that the statement of need "indicate that no *qualified*, regularly certificated applicant of the type needed is available and that the applicant, if granted the provisional credential applied for, will be employed in a specified position." (§ 611, subch. 3, tit. 5, former Cal. Admin. Code, italics added.)

In interpreting this regulation the court in *Jones* v. *Oxnard School Dist.* (1969) 270 Cal.App.2d 587, 591-592 [75 Cal.Rptr. 836], stated: "[I]t is appellant's theory that being certificated she was per se 'qualified' so that the district was duty bound not to determine to the contrary or to file the statement of need. If such were the case, mandate or prohibition conceivably might lie. But to so read section 611 reduced the word 'qualified' in that section to surplusage. The fair meaning of the section as written empowers the appropriate management personnel acting for the district to determine whether a certificated applicant is otherwise qualified for employment. That being the case, the district cannot be mandated to exercise the power in a particular fashion." (Fn. omitted.)

In 1976 the Legislature replaced section 13117 with section 44254. (Stats. 1976, ch. 1010, § 2, p. 3366, operative Apr. 30, 1977.) As enacted section 44254 provided in pertinent part: "Emergency credentials may be issued in accordance with regulations adopted by the commission.

"The terms, reasons, and justification for the issuance of such credentials shall be regularly reported to the Legislature, as well as their number, kind, and other pertinent information. Emergency credentials shall only be authorized when insufficient certified teachers are available."

Pursuant to the power provided by section 44254 on December 16, 1977, the Commission adopted what are now sections 80023 through 80026 of title 5, California Code of Regulations. (See Register 77, No. 51.) Section 80024 requires that applicants for emergency credentials must, in addition to fulfilling various academic requirements, submit "the Statement of Need described in Section 80026." Section 80026, subdivision (c) in turn requires that a statement of need "[s]tate either that a credentialed person is not available, or that one or more credentialed persons are available, *but are not deemed qualified by the district*, county superintendent of schools, or State agency, as applicable, to hold the position." (Italics added.)

In 1988 the Legislature repealed section 44254 and replaced it with section 44300 which provides in pertinent part: "(a) *Commencing January 1,*

*1990, the commission may issue or renew emergency teaching or specialist permits* in accordance with regulations adopted by the commission . . . provided that all of the following conditions are met:

" . . . . . . . . . . . . . . . . . . . . . . . .

"(3) The commission approves the justification for the emergency permit submitted by the school district in which the applicant is to be employed. The justification shall include all of the following:

"(A) Documentation that the district has made a diligent search for, but has been *unable to recruit, a sufficient number of certificated teachers,* including teacher candidates pursuing full certification through internship, district internship, or other alternative routes established by the commission.

"(B) A declaration of insufficiency based on the documentation set forth in subparagraph (A) and made in the form of a motion adopted by the governing board of the district or the county board of education at a regularly scheduled meeting of the governing board or the county board of education. The motion may not be part of the consent agenda and shall be entered in the minutes of the meeting.

"(b) The exclusive representative of certificated employees, if any, as provided under Chapter 10.7 (commencing with Section 3540) of Division 4 of Title 1 of the Government Code, may submit a written statement to the commission agreeing or disagreeing with the justification submitted to the commission pursuant to paragraph (3) of subdivision (a)." (Italics added.)

Following enactment of section 44300 the Commission did not alter the provisions of 5 CCR section 80026.

## II

 Initially on appeal the individual petitioners argue that by virtue of their regular credentials alone, they are "qualified" within the meaning of title 5, California Code of Regulations, section 80026. In essence the petitioners argue the districts have no discretion under the regulation in determining whether they are qualified. They contend the respondent districts therefore acted unlawfully in 1989 and 1990 in submitting to the Commission statements of need in support of applications for emergency credentials and the Commission in turn acted unlawfully in issuing emergency credentials to individuals hired by the districts. The petitioners believe mandate should issue to compel the districts to hire the individual petitioners in place of the teachers who received what the petitioners believe were unlawful emergency credentials.

The petitioners' interpretation of title 5, California Code of Regulations, section 80026, however, is flatly contradicted by the terms of the regulation which expressly permits issuance of emergency credentials when regularly credentialed persons are available "but are not *deemed* qualified by the district." This language plainly provides the districts with discretion in determining whether the pool of credentialed employees is also qualified. (See *Jones* v. *Oxnard School Dist.*, *supra*, 270 Cal.App.2d at pp. 591-592.)

The petitioners' reliance on *Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500, 509 [204 Cal.Rptr. 711, 683 P.2d 710], *Kalamaras* v. *Albany Unified School Dist.* (1991) 226 Cal.App.3d 1571, 1577-1578 [277 Cal.Rptr. 577], and *Royster* v. *Cushman* (1989) 213 Cal.App.3d 65, 70-71 [261 Cal.Rptr. 458], is unpersuasive. Those cases deal with section 44918 which provides reemployment rights for substitute teachers who have served 75 percent of the school year. Unlike title 5, California Code of Regulations, section 80026, section 44918 states: "For purposes of this section, 'qualified to serve' shall be defined to mean the possession of an appropriate credential plus completion of appropriate academic preparation or experience in the subject matter in which the vacant position occurs." The cases the petitioners rely upon have interpreted this language as severely limiting a district's discretion in dealing with substitute teachers who have served three-quarters of a school year. (See e.g., *Taylor* v. *Board of Trustees*, *supra*, 36 Cal.3d at pp. 508-509.)

Plainly the petitioners here are not substitute teachers who have served three-quarters of a school year and thereby obtained protection under section 44918. Rather they are applicants who have yet to serve in any capacity. More importantly for our purposes, unlike section 44918, nothing in title 5, California Code of Regulations, section 80026 provides any limitation on a district's discretion. Rather the phrase "deemed qualified by the district" expressly provides districts the discretion withheld in section 44918.

██ In the alternative the petitioners argue that if title 5, California Code of Regulations, section 80026 provides the districts with discretion in determining whether credentialed applicants are also qualified, the regulation is invalid because it contradicts the statutes which permit issuance of emergency credentials. We find no defect in the regulation.

██ As the petitioners point out administrative regulations may not contravene the terms or exceed the scope of the statutes under which they have been adopted. (See *Coca-Cola Co.* v. *State Bd. of Equalization* (1945) 25 Cal.2d 918, 922 [156 P.2d 1]; *Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 753, 757-758 [151 P.2d 233, 155 A.L.R. 405]; *Rosas* v. *Montgomery* (1970) 10 Cal.App.3d 77, 87 [88 Cal.Rptr. 907, 43 A.L.R.3d 537].)

Here the statutes, former section 44254 and section 44300, are themselves silent with respect to the discretion districts have in determining the qualifications of credentialed applicants. Unlike the petitioners, we do not believe the term "insufficient certified teachers" in former section 44254 and the phrase "unable to recruit[ ] a sufficient number of certificated teachers" in section 44300 require districts to hire unqualified credentialed teachers before submitting a statement of need. Indeed the reference in section 44300 to the ability of district's to "recruit" sufficient numbers suggests the Legislature understood that the hiring process is not simply a matter of filling vacant positions with credentialed applicants but requires consideration of qualifications beyond possession of the appropriate credentials.

Our unwillingness to find any defect in title 5, California Code of Regulations, section 80026 is based upon the history of the regulation and enabling statutes. In particular we note that, although enacted in 1988, the requirements of section 44300 did not become operative as to the issuance or *renewal* of emergency credentials until January 1, 1990. On a practical level this of course means the 1989 vacancies the petitioners allege they should have filled were not subject to section 44300. More importantly however, the reference to the renewal of emergency credentials and the delay in imposing the requirements added by section 44300 was a clear expression by the Legislature that it was aware of the Commission's emergency credentialing practices in 1988 and was willing to accept those practices in their entirety until January 1, 1990.

Moreover the requirements which became effective January 1, 1990, in no way suggest any intention to alter the practice, discussed and approved more than 20 years ago in *Jones* v. *Oxnard School Dist.*, *supra*, 270 Cal.App.2d at pages 591-592, of issuing emergency credentials when the credentialed teachers available to a district do not meet the district's qualifications. Rather, with respect to the issuance of emergency credentials, the only alteration of prior practice was procedural. Section 44300, subdivision (a)(3)(B), adds the requirement that a declaration of insufficiency be approved by the governing board of the district at a regularly scheduled meeting and section 44300, subdivision (b), permits the exclusive agent of certificated employees to object to approval of such a declaration.[4]

We believe the procedural additions are instructive. If, as the petitioners suggest, determination of need is simply the ministerial task of determining

---

[4]Section 44300, subdivision (a)(3)(A), also requires districts submit documentation which shows they have made a diligent search for certificated teachers. This requirement is similar to the requirement set forth in title 5, California Code of Regulations, section 80026, subdivision (b), that districts specify the names of three colleges or placement agencies they have contacted within two weeks of submitting a statement of need.

whether credentialed applicants have applied for a vacancy, it made very little sense to require the governing board to pass on the question and provide an exclusive agent the opportunity to object. On the other hand, if, in determining the applicant pool is insufficient, discretion must be exercised as to the qualifications of the credentialed applicants, it makes a great deal of sense to subject such a decision to review by the governing board with an opportunity for employee representatives to object. Such a process affords the board an opportunity to review both the qualifications being required by district administrators and the administrator's determination those qualifications cannot be met by current applicants.

In sum then, title 5, California Code of Regulations, section 80026 permits the issuance of emergency credentials when credentialed applicants do not meet a district's qualifications and, in doing so, is entirely consistent with former section 44254 and section 44300. Thus the respondent districts acted properly in submitting statements of need to the Commission and the Commission acted properly in issuing emergency credentials to persons hired by the districts.

III*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Judgment affirmed. Respondents to recover their costs of appeal.[5]

Todd, Acting P. J., and Froehlich, J., concurred.

Appellants' petition for review by the Supreme court was denied October 1, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote 1, *ante*, page 1469.

[5]Although we have rejected the petitioners' arguments they are in no sense frivolous. Accordingly, the respondents' request for sanctions is denied. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)