Filed 4/29/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CHRISTOPHER GARNER,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CALIFORNIA VICTIM<br>COMPENSATION BOARD,<br><br>        Defendant and Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest and<br>        Respondent. | B330418<br><br>(Los Angeles County<br>Super. Ct. No. 22STCP02382) |

        APPEAL from a judgment of the Superior Court of
Los Angeles County, James Chalfant, Judge.  Affirmed.
        Pavone & Fonner and Benjamin Pavone for Plaintiff
and Appellant Christopher Garner.

Rob Bonta, Attorney General, Iveta Ovsepyan, Assistant Attorney General, Jessica R. Marek and Parry A. Black, Deputy Attorneys General, for Defendant and Respondent California Victim Compensation Board.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jessica C. Leal, Jonathan M. Krauss, and Seth P. McCutcheon, Deputy Attorneys General, for Real Party in Interest and Respondent The People.

————————————————————

In 2007, a jury convicted Christopher Garner of murder on a theory of implied malice that, as a result of the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), the law no longer recognizes. (See Pen. Code, §§ 188, 189, as amend. by Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) Penal Code section 1172.6 permits vacatur of such convictions if the prosecution cannot prove to a trial court that the defendant is guilty beyond a reasonable doubt under current murder law.[1] A court vacated Garner's murder conviction under section 1172.6, resentenced him to a prison term approximately eight years

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

Section 1172.6 was initially enacted as section 1170.95 and later renumbered. (See § 1172.6, as renumbered from former § 1170.95 by Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) For ease of reference, we refer to the law both before and after this renumbering as section 1172.6.

shorter than he had already served, and ordered him released from custody.

Section 4900 permits "inmates who are exonerated of their crimes [to] apply to [the California Victim Compensation Board] for compensation for the time they were erroneously imprisoned." (*Gonzales v. California Victim Compensation Bd.* (2023) 98 Cal.App.5th 427, 433 (*Gonzalez*); see § 4900, subd. (a).) Garner sought such compensation from the California Victim Compensation Board (the Board), alleging entitlement on the basis that he is not guilty under the current definition of murder.

The Board denied Garner's application. It concluded he had failed to state a legally cognizable section 4900 claim because he did not allege he was innocent of murder as the law defined the crime in 2007. The Board also rejected Garner's argument that he was entitled to an evidentiary hearing on his application, citing the California Code of Regulations, title 2, section 642 (California Code of Regulations section 642), which creates a motion-to-dismiss type procedure for section 4900 applications. (See Cal. Code Regs., tit. 2, § 642.)

Garner filed a petition for administrative writ of mandamus challenging the Board's denial and the validity of California Code of Regulations section 642. The court denied the writ. Garner appealed.

On appeal, Garner argues the Board misapplied section 4900. We disagree. The plain language of section 4900 requires, inter alia, an "erroneous conviction." The Legislature's prospective redefinition of "murder" in 2019 does not establish that the previous conviction, valid when decided, was erroneous. Rather, the change in the law was a legislative act of lenity, not the correction of any error.

3

Garner further argues that California Code of Regulations section 642 exceeds the Board's rulemaking authority. Again, we disagree. Garner has not established, as is his burden, that this regulation is either inconsistent with the Board's authorizing statute or not reasonably necessary for the Board to carry out its statutory mandate.

Accordingly, we affirm.

## BACKGROUND

### A.    Criminal Proceedings

On January 15, 2006, Garner and two men drove to Blake Crawford's home to steal marijuana from Crawford. Garner waited in the car while one of the men entered Crawford's home, took his marijuana, and shot him. The shooter returned to the car and Garner drove them home.

In 2007, a jury convicted Garner of the first degree murder of Crawford. The jury also convicted him of robbery and burglary, and the court sentenced Garner to 26 years to life in prison.

We affirmed the judgment. (*People v. Garner* (Apr. 7, 2008, B197920) [nonpub. opn.].) We concluded substantial evidence supported: "that a plan to steal the marijuana was formulated in Garner's apartment before the offenses and on the drive to Crawford's residence; that the plan contemplated the use of force against Crawford"; that the shooter "possessed a gun for that purpose," which the jury could have inferred Garner knew; that Garner participated in developing the plan and "accordingly, had advance knowledge of the unlawful purpose"; and "that Garner encouraged, facilitated and aided in the commission of the [robbery and burglary] by approving the plan, accompanying

4

[the shooter] to the scene of the offenses, waiting for [the shooter] to complete the plan, and driving away after the offenses to avoid detection or arrest." (*Ibid*.) We held these findings sufficient to "support[ ] Garner's conviction for murder under both aiding and abetting and conspiracy theories." (*Ibid*.)

In a 2018 uncontested habeas proceeding, a court reduced Garner's murder conviction from first to second degree based on *People v. Chiu* (2014) 59 Cal.4th 155, 158–159, which modified accomplice liability for first degree premeditated murder. The court resentenced Garner to 16 years to life in prison.

### B.    Garner's Section 1172.6 Petition

In 2018, the Legislature enacted Senate Bill No. 1437, which prospectively redefined the crime of murder and provided a procedure under section 1172.6 to obtain retroactive relief based on the new definition.

On August 23, 2019, the trial court vacated Garner's murder conviction pursuant to section 1172.6. The court resentenced Garner to a total of seven years in prison for his robbery and burglary convictions. Because Garner had been in prison approximately eight years longer than this revised sentence required, the court ordered him released from prison.

### C.    Requests for Section 4900 Compensation and Related Relief

#### 1.    *Section 4900 Compensation*

Under section 4900, any person imprisoned for a felony conviction who is "innocent" of the charged crime because "the crime . . . was either not committed at all or, if committed, was not committed by the person" may "present a claim against the state to [the Board] for the injury sustained by the person

5

through the erroneous conviction and imprisonment or incarceration." (§ 4900, subd. (a).)

Under California Code of Regulations section 642, requests "that are untimely or are otherwise not in compliance with . . . sections 4900 and 4901 will be rejected by a hearing officer and will not be heard or considered by the Board." (Cal. Code Regs. tit. 2, § 642, subd. (a).) Before such rejection, however, the hearing officer must give the claimant an opportunity to cure the deficiency with new evidence or argument. (*Id.*, § 642, subd. (b).) If the claimant cures the deficiency, the claim is deemed "filed" and the Board will consider it on the merits. (*Id.*, §§ 640, subd. (d), 642, subd. (c).)

In most cases, hearing a claim on the merits begins with the Board providing the Attorney General the opportunity to submit a written response. (See § 4902.) The Board then holds an informal adversarial hearing, at which the parties may present evidence of innocence and injury. (See § 4903.) Under certain special circumstances, however—for example, when a court previously made a finding of factual innocence under subdivision (b) of section 1485.55—section 4900 requires the Board to grant a compensation request without a hearing. (See § 4900, subds. (a) & (b).)

### 2. *Garner's Request for Finding of Factual Innocence*

Garner filed a motion in the superior court for a section 1485.55, subdivision (b) innocence finding, claiming he was innocent because his murder conviction was vacated under section 1172.6. The court denied the motion because this "remedy does not apply in these circumstances." Garner does not challenge this decision.

6

### 3. *Garner's Section 4900 Claim*

On January 25, 2022, Garner submitted a section 4900 application and supporting memorandum to the Board. Based on the statutory rate of $140 per day (see § 4900, subd. (a)), Garner requested $391,860 for the 2,799 days he spent in custody beyond his revised seven-year sentence.

On January 27, 2022, the Board hearing officer notified Garner that "it appear[ed] [the Board] lacks jurisdiction to consider [his] application" because it "fail[ed] to raise a valid claim . . . [¶] . . . [¶] . . . due to the absence of any allegation that Garner is factually innocent of murder under the laws in effect at the time of the crime. Instead, it appears the application only asserts that Garner is innocent under the current definition for murder as revised by [Senate Bill No.] 1437 in 2019." Citing California Code of Regulations section 642, the hearing officer informed Garner he had 30 days to "submit written proof and argument to cure the identified jurisdictional deficiencies," and that if he failed to do so, his "application [would] be deemed rejected and returned unfiled."

Garner did not provide additional allegations. Instead, he responded that the Board was incorrectly interpreting section 4900 and challenged the facial validity of California Code of Regulations section 642 as well as the Board's application of it to his claim. Garner disavowed any claim based on his innocence under 2007 law.

In a 13-page final decision, the hearing officer denied Garner's application. The decision explains "[the Board] lack[ed] jurisdiction to approve" a request "solely based upon [Garner's] dismissed conviction pursuant to . . . [section 1172.6], without any allegation of factual innocence under the law in effect at the

7

time the charged offense occurred."  The decision explained the term "jurisdiction" was "a shorthand expression that the claim . . . fails to state facts upon which relief may be granted under section 4900[,] . . . [¶] . . . regardless of what terminology best describes this procedural mechanism."

The hearing officer also rejected Garner's facial and as-applied challenges to the California Code of Regulations section 642 motion-to-dismiss type procedure.  The officer found the procedure was a proper exercise of the Board's rulemaking discretion and enabled a hearing officer to reject any claim that the Board lacked authority to approve as a matter of law.

### D.  Writ Proceedings Below

Garner filed a petition for a writ of mandate to (1) compel the Board to pay him $391,860 under section 4900 and (2) declare California Code of Regulations section 642 facially invalid.

The court agreed with the Board's interpretation of section 4900 and its view of California Code of Regulations section 642 as a valid regulation.

Garner appealed.

### DISCUSSION

Garner's appeal does not affect a fundamental right. (See *Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1181–1182.)  Therefore, in reviewing denial of the writ, we "step into the trial court's shoes" and scrutinize the Board's decision using the same criteria a trial court must apply.  (*Gonzales, supra,* 98 Cal.App.5th at p. 441.) We reverse where the agency decision reflects a "prejudicial abuse of discretion."  (Code Civ. Proc., § 1094.5, subd. (b).)  This occurs when, inter alia, the agency "has not proceeded in the

8

manner required by law." (*Ibid.*)  Whether the agency did so is an issue we review de novo.  (See *Gonzales, supra*, at p. 441.)

Garner contends the Board did not proceed in the manner required by law in two ways.  First, he argues the Board incorrectly interpreted section 4900 as requiring him to establish his innocence under the law applicable at the time of his conviction.  Second, he challenges the Board's use of the motion-to-dismiss type procedure in California Code of Regulations section 642, which he argues is invalid.  He also argues the current version of that regulation is invalid.  We disagree on all points.

### A.    Garner Did Not Allege a Cognizable Section 4900 Claim

Garner argues his entitlement to section 4900 compensation depends entirely on current law:  If he cannot be found guilty of murder under current law, he is "innocent" for purposes of section 4900, and his murder conviction is "erroneous."  (§ 4900, subd. (a).)

We need look no further than the plain language of the statute to reject Garner's interpretation.   (See *Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 803 [" ' "If the statute's text evinces an unmistakable plain meaning, we need go no further" ' "]; accord, *Washington v. County of San Diego* (2025) 113 Cal.App.5th 874, 879.)

Section 4900 contemplates compensation for "the injury sustained by [a] person through . . . erroneous conviction and imprisonment or incarceration."  (§ 4900, subd. (a).)  A claim cognizable under section 4900 thus requires, inter alia, an "erroneous conviction."  (*Ibid.*; see also § 4903, subd. (d).)  As a matter of "common[ ]sense" (*Bruns v. E-Commerce Exchange, Inc.*

9

(2011) 51 Cal.4th 717, 724), a factfinder's failure to apply a definition of murder not yet in existence at the time of trial and conviction does not render the resulting verdict and conviction erroneous.

Garner argues—but cites no authority supporting—that the Legislature's decision to revise the definition of murder implies the previous definition applied in convicting Garner was erroneous. We disagree.

Garner's 2007 conviction under a law that was valid in 2007 is not erroneous simply because the Legislature later decided a different version of that law should apply going forward. (See *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 256 [Senate Bill No. 1437's changes to murder law were prospective].) The Legislature has the general power to amend or repeal laws without identifying any error or deficiency in existing law. (See, e.g., *People v. Powell* (2018) 5 Cal.5th 921, 943.) And the "Legislature retains the constitutional authority to preserve criminal sanctions for acts committed prior to repeal" of a statute that criminalized conduct for which a defendant was convicted. (*People v. Rossi* (1976) 18 Cal.3d 295, 303; see Gov. Code, § 9608 ["[t]he termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the . . . punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such . . . punishment is expressly declared by an applicable provision of law"].)

That a court vacated Garner's murder conviction pursuant to section 1172.6 also does not suggest it was erroneous. Section 1172.6 creates relief the Legislature crafted in " 'an act of lenity' that requires, under specified circumstances, reduction of

10

the offense for which [a defendant] was properly convicted." (*People v. James* (2021) 63 Cal.App.5th 604, 609.) The section 1172.6 vacatur of Garner's murder conviction does not change that he "was properly convicted of . . . murder under the law that was in effect at the time of his offense." (*James, supra*, at p. 609; see *ibid.* [describing underlying conviction after successful section 1172.6 petition].) Again, Garner provides no authority to the contrary.

Garner's arguments for a contrary interpretation of section 4900 focus on the reference in subdivision (a) to innocence of the "crime . . . charged." He argues this language refers to the definition of the crime under current law. Even if Garner is correct—and we are not concluding he is—section 4900 also requires an "erroneous conviction." (See *In re Anthony* (2015) 236 Cal.App.4th 204, 209 [section 4900 claim requires both of these elements].) As discussed above, Garner's conviction is not erroneous. Garner's arguments interpreting the "crime . . . charged" language thus do not provide even a potential basis for relief.

In sum, the actions the jury found Garner to have committed constituted murder under the law's definition of that crime at the time of his conviction. The conviction was thus not erroneous. Because Garner failed to allege an erroneous conviction in seeking compensation from the Board, Garner failed to state a legally cognizable claim.

### B.   Garner Has Not Established California Code of Regulations Section 642 Is Invalid

"[A] regulation adopted by a state agency is presumed valid." (*Associated General Contractors of California, Inc. v. Dept. of Industrial Relations* (2025) 108 Cal.App.5th 243, 266.)

11

Accordingly, "the burden is on the party challenging the regulation to establish its invalidity." (*Ibid.*) A regulation is invalid if it is inconsistent or " ' "in conflict with" ' the provision that authorizes it" or if it is not "reasonably necessary to effectuate the purpose of the authorizing law." (*In re Gadlin* (2020) 10 Cal.5th 915, 926; see also § 4906 [authorizing the Board "to make all needful rules and regulations consistent with the law for the purpose of carrying into effect this chapter"]; Gov. Code, §§ 13920 & 13909, subd. (b) [authorizing Board to make regulations "governing any matter over which it has jurisdiction" and to delegate "any statutory power" of the Board to its staff upon a majority vote].)

Garner challenges as inconsistent with the law (1) the procedure California Code of Regulations section 642 creates for dismissing claims without a hearing, and (2) a provision added to that regulation after the Board denied Garner's claim.

The new provision Garner challenges deems any claim "solely based upon a conviction that was vacated due to a change in the legal definition of the crime, for example pursuant to . . . section 1172.6" not legally cognizable under section 4900. (Cal. Code Regs., tit. 2, § 642, subd. (a)(3).) Garner contends this reflects an incorrect interpretation of section 4900. We have already rejected this argument and, therefore, need not further discuss it.

In support of his argument that the Board was required to hold a hearing, Garner cites the following language in section 4903: "Except [in situations requiring the Board to grant a request for compensation without a hearing,] the [B]oard *shall* fix a time and place for the hearing of the claim." (§ 4903, subd. (a), italics added.) Garner interprets this language as

12

requiring the Board to hold a hearing on a compensation request regardless of the basis it alleges for seeking relief.  Thus, Garner argues, California Code of Regulations section 642's procedure for denying a hearing based on failure to allege a cognizable claim "create[s] a remedy for the agency that the [L]egislature . . . withheld" in section 4903.  (Citing *California Teachers Assn. v. Commission on Teacher Credentialing* (1992) 7 Cal.App.4th 1469, 1475.)  But section 4903 presupposes the existence of a "claim," which, under section 4900, subdivision (a), must allege "injury . . . [from an] erroneous conviction" suffered by an individual who is innocent of the "charged . . . crime."  To the extent a request for compensation does not allege both elements, it is not a "claim" on which, under section 4903, the Board "shall" hold a hearing. California Code of Regulations section 642 is not inconsistent with section 4903.

We also are not persuaded by Garner's arguments that use of the term "jurisdiction" in California Code of Regulations section 642 changes this analysis or proves invalidity.  We agree with the Board that use of the term " 'jurisdiction' is of no moment. . . . [T]he Board's determination that it lacks jurisdiction is a shorthand expression that the claim either fails to allege sufficient facts under section 4900 or is untimely under section 4901. . . . Under either scenario, the Board lacks authority to grant relief."

Garner thus fails to establish that California Code of Regulations section 642 is inconsistent with the law.  He does not argue the regulation is not reasonably necessary for the Board to accomplish its statutory obligation to process section 4900 compensation requests.

## DISPOSITION

The order is affirmed.  Parties shall bear their own costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, P. J.

We concur:


WEINGART, J.


M. KIM, J.


14